ANNE S. HAMILTON

*v.*

JAMES C. STEWART *et al.*

1.   ENTRY BY FORCE—*to remove fixtures.*   It is not lawful for a party, claiming that certain things placed in a building are fixtures, to make a forcible entry on *the possession of the owner or his tenants, to remove such fixtures, and the party in possession would have the right to use a sufficient amount of force* to prevent such an entry.

2.   INJUNCTION.   A court of chancery will not assume jurisdiction to restrain a mere breach of the peace, or ordinary trespass, where the resulting injury is not, in its nature, irreparable.

3.   On the other hand, the party claiming the property as fixtures, has the right to have his title tried in the courts, and may, in such case, resort

to the writ of replevin to obtain possession. Nor would the fact that the claimant was insolvent, change the right. The party resorting to such a writ would, before it could be executed, have to give bond as required by the statute, and hence, it would be error to enjoin the bringing of such a suit.

4. BREACH OF THE PEACE—*threats of.* Where a party threatens to commit a breach of the peace, the other party can resort to criminal proceedings, and have the party making the threats bound to keep the peace as to person and property. Such threats would not give a court of equity jurisdiction to restrain the party.

5. DISSOLUTION OF INJUNCTION—*assessment of damages.* To confer jurisdiction on the court to hear evidence and assess damages, on the dissolution of an injunction, suggestions in writing should be filed, stating the nature and amount of the damages claimed. The plaintiff should thus have notice of the claim set up against him, and it is error to make the assessment without such suggestions.

6. DAMAGES, ASSESSMENT OF—*evidence to be preserved.* In assessing damages in such cases, it is necessary that the evidence heard on the assessment should be preserved in the record as in other chancery proceedings, and failing to preserve the evidence in the record, there is nothing to sustain the decree for damages, and it will be reversed.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. R. H. FORRESTER, for the appellant.

Mr. D. E. K. STEWART, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The appellant filed her bill in the circuit court of Cook county, for the purpose of obtaining an injunction against the appellees, on the ground that they had threatened to enter a certain house owned by her, either with or without legal process, and remove certain fixtures in the basement room, which had been placed there for the convenience of parties occupying the room for a saloon, and which were, at one time, owned by Stewart, when a tenant of the appellant.

It is alleged in the bill, that the appellant is the owner of the building, and is in possession by herself and tenants, and that the appellees threaten to enter with force, or to sue out a

332          HAMILTON *v.* STEWART *et al.*          [Sept. T.,

Opinion of the Court.

writ of replevin to obtain possession of the fixtures. The prop-
erty in dispute consists of a counter, ice-box, shelving, gas
fixtures, and some few other articles.

The appellant insists, that the fixtures are permanently at-
tached to the building, and form a part of the realty, and can
not be removed without doing irreparable injury. It is also
alleged, as a ground of relief in a court of equity, that the ap-
pellees are insolvent, and that a judgment at law against them
would be worthless, and would afford no redress for any dam-
age that might be done to the premises, in case they should be
permitted to remove the property.

The appellee McRae filed an answer, in which he admits
that the appellant is the owner of the building, and that she
was in possession, but claims that he owns the fixtures under
a purchase from Stewart, a former owner and tenant of the ap-
pellant, and denies, explicitly, they were permanently attached
to the building, and that they could not be removed without
doing irreparable injury.

The cause having been set by agreement for final hearing
on the bill, answer of McRae, and default of Stewart, he having
failed to answer, the court having heard the evidence, dis-
solved the injunction which had previously been awarded, and
dismissed the bill for want of equity, and thereupon assessed
the damages which the appellees had sustained by reason of
the wrongful suing out of the injunction, at the sum of $200.

The errors relied on for a reversal of this decree are, first,
that the court improperly dismissed the bill; and second, that
the court proceeded erroneously to assess the damages against
the appellant for the wrongful suing out of the injunction.

There is a good deal of evidence in the record, on the char-
acter of the property in controversy, whether the fixtures in
the saloon part of the house were of that permanent charac-
ter, and so attached to the building itself as to become, in
fact, a part of the realty, or whether they were of that class
denominated trade fixtures, which an outgoing tenant, or a
purchaser from him, might rightfully remove. In the view

that we have taken, it will not be necessary to consider that question. The facts present no grounds for relief in a court of equity, and the bill was properly dismissed.

It will be conceded, that it was not lawful for the appellees, or either of them, to enter the premises by force and carry away the property in dispute, against the protest of the party in possession. Controverted titles can not be settled in that way. Such party would have the right to protect his possession, and to use so much force as might be necessary to repel any attack. Equity has never assumed jurisdiction to restrain a mere breach of the peace, or an ordinary trespass, where the injuries, in the nature of things, would not be irreparable.

On the other hand, the appellee McRae had the undoubted right to have his title, whatever it was, tried in the courts, and for that purpose he could employ the writ of replevin to obtain possession of the property. On such trial, the nature of the fixtures could be investigated, whether they were permanently attached to the building, and formed a part of the real estate, or whether they were mere temporary articles, placed there for the convenience of the trade carried on in the building, and which could be properly removed by a tenant, or a purchaser from him. This was his clear, legal right.

It is suggested that the appellees were insolvent, and that a judgment at law against them would be unavailing for any damage that might ensue, in case the fixtures should be wrongfully removed. It would be a singular doctrine to announce, that a party, simply because he was insolvent, could not employ the process of the law to try the title to property which he believes belonged to him, although it might turn out that he was mistaken as to his right.

In this case, before the appellee McRae could make use of the writ of replevin to obtain possession of the property, the statute requires that he should give bond, with security, to the officer who should execute the writ, which would afford the appellant security for the value of the property, in case of its improper execution.

334          HAMILTON *v.* STEWART *et al.*          [Sept. T.,

Opinion of the Court.

The title to the property could be better tried in a court of law, and it is not perceived how the facts would authorize a court of equity to assume jurisdiction. The statutory replevin bond, which the party would have to give on commencing his action, would afford complete indemnity for any and all injuries that might ensue to the property of the appellant, on account of the execution of the writ. If the appellees threatened to commit a breach of the peace, and invade the possession of the appellant, resort should have been had to the criminal law, and they could have been required to give bail to keep the peace towards the appellant and her property.

We are of opinion, however, that the court proceeded erroneously in assessing the damages against the appellant on the dismissal of the bill.

It is provided by the statute, that where the temporary injunction has been dissolved, the court, before finally disposing of the case, "upon the party claiming damages by reason of such injunction, suggesting in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain." Laws 1861, sec. 1, p. 133.

It is necessary, to confer jurisdiction on the court to hear evidence, and determine the question of damages according to right, between the parties, that suggestions in writing should be filed, stating the nature and amount of damages claimed. How else shall the opposite party know what injury he hath sustained? It is agreeable to the practice in all our courts, that a party shall not be mulcted in damages until he shall first have had an opportunity to be heard in his defense, after the nature of the demand has been stated against him in court. Any other rule would be unreasonable.

In cases like the one at bar, the party against whom the decree is sought, should have a reasonable opportunity to produce evidence to rebut the supposed claim for damages.

It does not appear that any suggestions in writing stating the nature and amount of damages sustained by the appellees by

reason of the injunction, were filed in the cause, and because of that omission, it was error in the court to make any assessment.

No evidence is preserved in the record on the question of damages, and consequently there is nothing to sustain the decree in making the assessment, if the proceedings were otherwise regular. The evidence upon such an issue should be preserved, the same as upon other questions involved in the case, on which relief is sought, or the decree can not be supported.

The decree of the circuit court, dissolving the injunction and dismissing the bill, is affirmed, and that part of the decree assessing damages against the appellant, is reversed, and the cause remanded.

The entire costs in this court will be taxed against the appellee McRae, for the reason that it was on his behalf that the damages were assessed.

*Decree modified.*