## Frederick W. Howard

### v.

## Henry S. Austin et al.

12 655
86 363
86 557

1. Decree for damages—Injunction—Evidence.—A decree for damages on the dissolution of an injunction can not be sustained unless the evidence upon which the damages are assessed is preserved in the record.

2. Chancery pleading—Suggestions of damages.—While suggestions of damages in such a case need not be framed with all the technical accuracy of common law pleadings, they should be sufficiently certain and explicit to give the other party information as to the nature and amount of damages claimed. The court is of opinion in this case that after rejecting as surplusage such portions as are vague and uncertain, there remains sufficient to answer the requirements of the law.

3. Failure to take exceptions.—Where complainant failed to take any exceptions to the form or sufficiency of the suggestions of damages in the court below, he must be deemed, for all the purposes of this appeal, to have waived defects of this character.

4. Damages where injunction is dissolved.—In all cases where an injunction is dissolved, such damages may be assessed as the nature of the case may require and to equity appertain.

5. Same.—The assignment of error in this case as to the damages awarded being excessive, can not be sustained from anything appearing in the record.

Appeal from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding. Opinion filed April 24, 1883.

Mr. W. E. Leffingwell, for appellant; that a decree for damages on the dissolution of an injunction can not be sustained, unless the evidence upon which the damages are assessed is preserved in the record, cited High on Injunctions, 1661; Forth v. Town of Xenia, 54 Ill. 210; Wilhite v. Pearce, 47 Ill. 413; Pankey v. Raum, 57 Ill. 88; Steele v. Boone, 75 Ill. 457; Hamilton v. Stewart, 59 Ill. 330; Albright v. Smith, 68 Ill. 181; Wilson v. Weber, 3 Bradwell, 125; Flagg v. Stowe, 85 Ill. 165; Spring v. Collector of Olney, 78 Ill. 101-6; Wilson v. Haecker, 85 Ill. 356.

This is not a proper case for the assessment of damages: Wilson v. Haecker, 85 Ill. 356.

The damages assessed are excessive and inequitable: Collins v. Sinclair, 51 Ill. 328; Elder v. Sabin, 66 Ill. 126; Jevne v. Osgood, 57 Ill. 340.

Mr. W. B. CUNNINGHAM, for appellee.

BAILEY, P. J.    This was a bill in chancery, brought by Frederick W. Howard against Henry S. Austin, Matthew S. Baldwin and others, praying among other things for an injunction, restraining the defendants from collecting or negotiating certain promissory notes, and from disposing of a certain interest in lands.   An injunction having issued in accordance with the prayer of the bill, the defendants filed their answers, and also various affidavits, and entered their motion for a dissolution of said injunction, which motion was afterward allowed and the injunction dissolved.   Defendants Austin and Baldwin thereupon filed their suggestions of damages by them sustained, by reason of the wrongful suing out of the injunction, and said suggestions coming on to be heard, the court, as the record recites, after hearing the evidence adduced by the parties, and being fully advised in the premises, assessed the damages of said Austin at $300, and of said Baldwin at $100, and entered a decree that they have and recover said sums of the complainant, and that execution issue therefor.   To reverse said decree for damages, the complainant has brought the record to this court by appeal, and now assigns for error, among other things, that there is no evidence in the record to sustain the assessments made.

On examining the record we find that the defendants have failed to preserve any portion of the evidence given by the parties upon the hearing of the suggestions of damages, either by a certificate of evidence or in any other form, and it is therefore clear, upon well-settled principles of law, that the decree for damages can not be sustained.   The rule is too familiar to require a citation of authorities, that the facts on which a decree in equity is based, must appear somewhere in the record.   And this rule applies to decrees for damages awarded by the court on dissolution of injunctions.   Hamilton

v. Stewart, 59 Ill. 330; Albright v. Smith, 68 Id. 181; Steele v. Boone, 75 Id. 457; Wilson v. Weber, 3 Bradwell, 125.

It follows that the decree must necessarily be reversed. The counsel for the appellees have frankly admitted this in their brief, and have also filed a written confession of the error above mentioned, and a consent that the decree be reversed therefor. It would have been a proper practice, on such confession, to reverse the decree and remand the cause without examining any of the other errors assigned. The counsel for the appellant, however, urges upon us the advisability of passing upon the other questions in the case, and we have accordingly taken the pains to consider them so far as they are presented in his brief.

The point made is, that the suggestions of damages are too general, uncertain and vague. This is in the nature of a demurrer to the suggestions, and is to be governed by principles analogous to those which apply to cases of demurrers to other pleadings. If, then, any one of the items of damages claimed is stated with sufficient particularity and certainty, this assignment of error must be overruled.

Defendant Austin, in his suggestion of damages, alleges that by reason of the wrongful suing out of the injunction he was compelled to pay, and did pay out and expend divers sums of money amounting to the sum of $500, for the fees and charges of solicitors and counsel, and for other charges and expenses in that behalf; and that he was compelled to pay, and did pay, other charges and expenses in procuring the attendance of witnesses to make affidavits in said cause, the sum of $50; also that he was damaged by not being able to collect moneys due on certain notes enjoined, and on a certain contract, and for interest and use of said moneys during the continuance of said injunction, to the amount of $500.

Defendant Baldwin alleges that by reason of wrongfully suing out said injunction, he was compelled to and did pay out and expend divers sums of money, amounting to $500 for fees and charges of solicitors and counsel, and for other charges and expenses, about his defense in that behalf, and

the sum of $500, because of his being prevented by said injunction from making sale of certain lands, etc.

The statute provides that, in cases where an injunction is dissolved, upon the party claiming damages by reason of the injunction, suggesting in writing the nature and amount thereof, the court shall hear evidence and assess such damages as the nature of the case may require. R. S. Chap. 69, Sec. 12; In Winkler v. Winkler, 40 Ill. 179, the court say: "It is manifest, these suggestions in writing were designed to take the place of a declaration on the bond, and should be so framed as to give the opposite party information as to the nature and amount of the damages claimed, so that he might be prepared to resist the claim." See also Hamilton v. Stewart, 59 Ill. 330.

While suggestions of damages need not be framed with all the technical accuracy of common law pleadings, it is clear that they should be sufficiently certain and explicit to give the other party information as to the nature and amount of damages claimed. While some portions of the suggestions in this case may perhaps be too vague and uncertain, yet, after rejecting and disregarding such portions as surplusage, there remains sufficient, we think, to answer the requirements of the law. A general demurrer to a declaration containing some good counts must be overruled, and the assignment of errors, in this case, which questions the sufficiency of the suggestions of damages, stands in no better light. Especially is this so in the absence of the evidence given at the hearing, as it does not appear that any evidence was given in support of the defective portions of the suggestions.

It further appears that the complainant failed to take any exceptions to the form or sufficiency of the suggestions of damages in the court below, but appeared and took part in the assessment of damages without objection. Had proper exceptions been taken there, it would have been easy for the defendants to so amend their suggestions as to make them sufficiently certain and explicit. Having failed to object in the court below, the complainant must be deemed, for all the purposes of this appeal, to have waived defects of this character.

Another error assigned is, that this is not a proper case for the assessment of damages. The statute provides that in all cases where an injunction is dissolved, such damages may be assessed as the nature of the case may require, and to equity appertain. Some at least of the damages claimed are such as may properly be allowed. Whether the evidence sustained the defendant's allegations in that behalf, we have no means of knowing, as the evidence is not before us. Until that is here we have no means of determining whether the case as presented by the proofs was a proper case for the assessment of damages or not.

The only remaining point urged is, that the damages awarded by the court were excessive. The damages recovered are not in excess of those claimed by the pleadings, and whether they were warranted by the evidence, can only be ascertained from the evidence itself. It is manifest, then, that this assignment of error can not be sustained from anything appearing in the record.

For the reason, however, that the record fails to preserve the evidence upon which the decree is based, the decree must be reversed and the cause remanded.

Decree reversed.