## THE COUNTY OF COOK

### *v.*

## THE GREAT WESTERN RAILROAD COMPANY *et al.*

*Filed at Mt. Vernon January 25, 1887.*

1. RAILROAD CROSSINGS—*in cities, etc.—by what authority they may be established.* The fifth paragraph of section 20 of the Railroad act of 1872, is an absolute grant of power by the State to railway companies to construct their roads across any public highway. It is only where the railroad is to be constructed *along* or lengthwise of a highway, that the consent of the local authorities is necessary.

2. SAME—*by whom the right may be questioned.* The only authority that can call in question the right of a railway company to construct its track across or along a street or highway within an incorporated city or village, is such city or village. The county authorities can not even question the validity of an ordinance of a city or village for the construction of a railroad within such city or village.

3. SAME—*regulation of the use of streets by railway companies — by whom.* The act of 1872 relating to cities and villages, confers upon them full authority to regulate the use of streets, to provide for and change the location, grade and crossing of railroads, to require railroad companies to fence their roads, to construct cattle-guards and crossings of streets, to keep the same in repair, to maintain flagmen at such crossings, to compel the roads to raise or lower their tracks, etc. This invests incorporated cities and villages with exclusive authority over the matter of railroad crossings over streets and highways within their limits, and excludes the jurisdiction of the county or town authorities.

4. CHANCERY—*hearing on bill and answer.* Where a case in chancery is heard on bill and answer, without replication, the answer must be taken as true.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

This is an appeal from a decree of the Superior Court of Cook county, dismissing a bill filed by the county of Cook, against certain railroad companies, to enjoin the construction of a railroad until compliance should be had with a resolution passed by the board of county commissioners.

The bill of complaint, filed February 18, 1886, alleged that on February 8, 1886, the county commissioners of Cook county passed a resolution, containing the following among other provisions: "It is therefore ordered by the board of county commissioners of Cook county, that every railway company or corporation proposing to construct its railway across, along or upon any highway, road or bridge within this county, shall, before constructing the same, or in any manner interfering with the public highways, roads and bridges, make application to this board for permission so to do, which application shall be accompanied with a plat of the proposed road, showing at what point it shall intersect or run along or over any highway, road or bridge, and where it shall leave the same, and which application shall contain a concise statement as to the grade of the proposed road,—whether above or below the grade of the highway it proposes to intersect or touch,—and the kind of culverts, sluices or cattle-guards proposed to be constructed by it. And be it further ordered, that the culverts, sluices and cattle-guards necessary to be used in the construction of such proposed road, shall be constructed so as not unnecessarily to impair the usefulness of the highway, road or bridge which it proposes to run along, across or upon, and that the work to be done in the premises shall be done in conformity with the plans submitted, and to the satisfaction of this board." The bill alleged, that the defendant companies, without complying with this resolution, had taken possession of certain highways in the towns of Maine and Wheeling, in Cook county, and that no plat of the road had been made and recorded, as required by chapter 109 of the Revised Statutes, relating to plats. The bill prayed that they might be directed to put such highways into such repair and condition as the same were when they entered upon them, and that they be enjoined from entering upon, taking possession of, or in any way interfering with the public highways of the county, until they should comply with the conditions of the above resolution. No ser-

vice was had upon the Great Western Railroad Company, or the Wisconsin Central Railroad Company, (of Illinois,) and no appearance was entered by either of these companies.

On the 29th of April, 1886, separate answers, denying all the material allegations of the bill, and duly verified, were filed by the Chicago and Great Western Railroad Company, the Wisconsin Central Railroad Company, (of Wisconsin,) and the Chicago and Wisconsin Railroad Company.

The answer of the Chicago and Great Western Railroad Company averred that it was organized and incorporated under an act of the General Assembly, entitled "An act to incorporate the La Salle and Chicago Railroad Company," approved February 28, 1867, (2 Private Laws, 1867, p. 728,) to construct a railroad from the city of La Salle to the city of Chicago; that on or about December 12, 1872, the name of the corporation was, by a vote of its stockholders, changed to that of the Chicago and Great Western Railroad Company. It denied that it had constructed the railroad described in the bill, through the towns therein named, and averred that the same had been constructed by the Chicago and Wisconsin Railroad Company. It denied that it had taken or intended to take possession of any public highways, either in the towns of Maine or Wheeling, or elsewhere within the county of Cook. It averred that it was now constructing its line of railroad in the city of Chicago, and in the village of Cicero, in Cook county, and that in so constructing its line, it crossed certain streets and highways in said city and village, but that such crossings were duly authorized by ordinance of the city and village, respectively, the same being incorporated under the act entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872.

The Wisconsin Central Railroad Company, (of Wisconsin,) by its answer, denied that it had constructed, or proposed to construct, any railroad within Cook county.

The ·Chicago and Wisconsin Railroad Company, by its answer, averred that it was incorporated March 2, 1884, under the general Railroad act of March ·1, 1872, being chapter 114 of the Revised Statutes, for the purpose of constructing a railroad from the south division of the city of Chicago to the north line of Illinois, at or near the county lines between the counties of McHenry and Lake, and that it had constructed the line of railway described in the bill, through the towns of Maine and Wheeling, being a part of the line which it was authorized to construct. It averred, that in constructing such line it had not taken possession of or obstructed such highways, and had not constructed its line along or in such highways, but had crossed the same at such points as were intersected by its road; that it completed the laying of its tracks through the towns in question, about March 1, 1886; that by·reason of the ground being frozen, it was not able, then, to completely restore the crossings to their former condition, but that·it did construct the necessary sluices, culverts and cattle-guards at all such crossings, and was now engaged in completing such crossings and restoring the highways to their former.condition, and that such work would, within a short time, be entirely completed, and that it intended, at .all times, to keep such crossings in repair, and to fully comply, in that respect, with all requirements of the statutes of Illinois. It denied that it had not caused a plat of its road to be made, and averred that such plat had recently been completed, and recorded in the office of the recorder of deeds.of Cook county.

May 17, 1886, complainant amended its bill, by inserting, before the prayer for relief, certain allegations, as follows: It averred the incorporation of the La Salle and Chicago Railroad Company by an act approved February 28, 1867, and charged that the road was not in operation within ten days after the constitution of 1870 took effect; and that the charter was thereby forfeited, under section 2, of article 11, of that constitution. It set forth an ordinance of the common

council of the city of Chicago, passed May 13, 1872, by which permission was given to the La Salle and Chicago Railroad Company to construct its road over a certain route described, upon condition that the ordinance should be void unless the tracks therein provided for should be constructed within two years; that the road was not so constructed. It averred that in 1872 an attempt was made to change the name of the company to the Chicago and Great Western Railroad Company, but that the change was not properly effected, stating wherein it was not. The amendment further set forth, that on May 11, 1885, the city council of Chicago passed an ordinance, amending the former ordinance of the La Salle and Chicago Railroad Company, by changing the name to that of the Chicago and Great Western Railroad Company, and authorizing the construction of the road over a route described, in addition to the right of way granted by the former ordinance. The new ordinance also removed the limitation in the former ordinance, as to time, and extended the time for the completion of the tracks, three years after the date of the new ordinance. The amendment averred that the council had no power to remove this limitation, or to extend the time, or to pass the new ordinance.

Both the original bill and the amendment charged that the Chicago and Great Western Railroad Company, and the Chicago and Wisconsin Railroad Company, had no intention of building or operating a railroad in good faith, but intended to sell out their colorable franchises to a foreign railroad corporation. These charges were denied by the answers. To this amendment a demurrer was filed by the three companies which had answered the original bill.

The court having refused to grant an injunction upon the original bill, the cause came on for final hearing, and was, by consent of the parties, submitted for hearing upon the original bill and answers, no replications having been filed, and upon the demurrer to the amendment. The court sustained

the demurrer to the amendment, and dismissed the original bill and the amendment for want of equity. To reverse this decree complainant appealed.

Mr. JOHN GIBBONS, for the appellant.

Mr. J. L. HIGH, and Mr. D. S. WEGG, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The city of Chicago and the village of Cicero are incorporated under the general act of 1872, for the incorporation of cities and villages. This act confers upon cities and villages incorporated thereunder, full authority to regulate the use of streets, to provide for and change the location, grade and crossings of any railroad, to require railroad companies to fence their roads, to construct cattle-guards and crossings of streets and roads, to keep the same in repair, to maintain flagmen at the crossings, to compel the roads to raise or lower their tracks, etc. This is to be regarded as vesting in incorporated cities and villages exclusive authority over the matter of railroad crossings over the streets and highways within their limits, and excluding the jurisdiction of the county or town authorities. Repeated decisions of this court are to this effect. *Chicago Dock and Canal Co.* v. *Garrity,* 115 Ill. 163; *People* v. *Board of Supervisors,* 111 id. 527; *Town of Ottawa* v. *Walker,* 21 id. 605; *Commissioners of Highways* v. *Baumgarten,* 41 id. 254; *People* v. *Chicago and Northwestern Ry. Co.* 118 id. 520. Only the city of Chicago and the village of Cicero, then, can question the right of the Chicago and Great Western Railroad Company to construct its road across their streets and highways; and as appears by the answer of that company, both municipalities have consented to such crossings under ordinances granted for that purpose.

As to the corporate existence of the Great Western Railroad Company, and the change of corporate name, as to the

two ordinances granted by the city· of ·Chicago to the company, whether the city had power to grant them, and whether it had power, under the latter .ordinance, to extend the time fixed by the former for the completion of the road, it is a sufficient answer that these are questions with˙ which this complainant has no concern. (*Chicago and Northwestern Ry. Co*. v. *Chicago and Evanston Railroad Co*. 112 Ill. 602.) The county of Cook is a mere stranger,. having no interest here involved which entitles it to call in question any of these things.

The only remaining question we need consider, is as to the right of the Chicago and Wisconsin Railroad Company to construct its tracks across the highways in the towns of Maine and Wheeling, in Cook county, without the consent of appel-. lant. The fifth paragraph of section 20, of chapter 114, of the Revised Statutes, being the general Railroad act of 1872, under which that company was incorporated, confers the following powers upon the company: .

"*Fifth*—To construct its railway across, along or upon any· stream of water, water-course, street, highway, plank road, turnpike or canal, which the route of such railway shall inter-. sect or touch ; but such corporation shall restore the stream,. water-course, street, highway, plank road and turnpike thus intersected or touched,. to its former state, or to such state as. not unnecessarily to have impaired its usefulness, and keep such crossing in repair. * * * *Provided,* that in case of the constructing of said railway. *along* highways, plank roads, turnpikes or canals, such railway shall either first obtain the consent of the lawful authorities having control or jurisdiction of the same, or condemn the same under the provisions of any. eminent domain law now or hereafter in force in this State."

The case being heard upon bill and answers,. the answer· of the.company is to be taken as true. Its answer is, that it has constructed its line of railway through said towns ;

that it has not taken possession of or obstructed any roads or highways in said towns, and has not constructed its line along or in such roads or highways, but has only crossed the same at such points as are intersected by the route of the railroad. There is, by the clause of the act above quoted, an absolute grant of power by the State to the railroad company to construct its road across any highway. It is only in case where the railroad is to be constructed along or lengthwise of a highway that the consent of the lawful authorities is necessary. The word "along," is defined by Webster, "By the length of, as distinguished from across." And see *Chicago and Western Indiana Railroad Co.* v. *Dunbar,* 100 Ill. 110.

The claim, then, which is put forth, that before a railroad can be constructed across any road or highway within the county of Cook, permission must first be obtained from the board of county commissioners of Cook county, and that the work must be done to its satisfaction, is an assumption of power which that board or the county of Cook does not possess. Within the limits of incorporated cities and villages the matter rests in the exclusive control and jurisdiction of the public authorities there. Outside of such cities and villages, the State itself has granted permission for the construction of railroads across highways, with no other requirement than not unnecessarily to impair the usefulness of the highway.

The decree will be affirmed.

*Decree affirmed.*