## Independent Medical College v. L. C. H. E. Zeigler et al.

1. EQUITY PRACTICE—*Trial on Bill and Answer.*—When a trial is had upon bill and answer, and no replication filed, according to the uniform rule of practice in a court of equity the answer must be considered as true. The complainant admits that all that is stated in the answer is true, whether it is responsive to the bill or not, and that he has no ground for relief, except the facts which are substantially admitted in the answer to be true.

2. INJUNCTIONS—*Suggestion of Damages on Dissolution.*—A suggestion of damages in this class of cases takes the place of a declaration, and should be so framed as to give the opposite party information with reasonable certainty of the nature and amount of the damages claimed.

3. SAME—*What Solicitor's Fees Are Recoverable.*—A defendant may recover, as damages on the dissolution of an injunction, the solicitor's fees which he has paid or become obligated to pay, for services rendered in obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit.

Bill for Relief.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch

Appellate Court at the March term, 1899. Affirmed in part and reversed in part. Opinion filed January 2, 1900.

William T. Blair, attorney for appellant.

W. E. Hughes, attorney for appellees.

Mr. Justice Shepard delivered the opinion of the court.

This appeal calls in question the correctness of two decretal orders—one dissolving an injunction and dismissing the bill, upon bill and answers, and the other, the assessment of damages awarded upon the dissolution of the injunction.

The bill set up the engagement, for a specified term, of appellee Zeigler, evidenced by a written contract between himself and appellant, and charged certain specific violations of the contract by him and his consequent discharge, the bringing of suits by Zeigler, and the two other appellees at his instigation, against appellant, and alleges special acts of harassment to appellant in connection with such suits.

The prayer of the bill was directed to restraining Zeigler and the two other appellees from instituting further suits against the appellant, and from proceeding any further in such suits as were pending, and for an accounting with Zeigler. A preliminary injunction was granted substantially as prayed.

The defendants severally answered, denying all the material allegations of the bill as to everything upon which the bill could stand, and without any replication being filed by the complainant the cause was by agreement set down for hearing on the merits, upon bill and answers and upon affidavits in support of the motion to dissolve the injunction.

"When a trial is had upon bill and answer, and no replication is filed, according to the uniform rule of practice in a court of equity, the answer must be considered as true." Mason v. McGirr, 28 Ill. 322; DeWolf v. Long, 2 Gilm. 679; Kitchell v. Burgwin, 21 Ill. 40, County of Cook v. Great Western R. R. Co., 119 Ill. 218.

Upon such a hearing, "the complainant admits that all that is stated in the answer is true, whether it be responsive to the bill or not, and that he has no ground for relief, except the facts which are substantially admitted in the answer to be true." DeWolf v. Long, *supra.*

It necessarily follows, from the rule of equity practice stated, that the bill was properly dismissed, there being no evidence whatever to sustain it, and the answers being admitted to be true.

Subsequently, evidence was heard in support of the suggestion of damages that was filed by leave of court, and an award of $225 as damages for the wrongful issuing of the injunction was given.

A written suggestion of damages was, by order of court, entered November 1, 1898, filed on that day *nunc pro tunc* as of October 26, 1898, which last day was the date of the entry of the final decree.

It is recited in the final decree that " thereupon the defendants suggest damages, and file their suggestion in writing of the damages by them sustained on account of the issuing of said injunction, and the same being done, * * * it is further ordered that the hearing of the suggestions of damages made by the defendants be continued until November 1, 1898."

Such recitals and order must, we think, be given full effect, as meaning that suggestions of damages in writing, as required by statute, were then on file; and must be held to have furnished all the record data that was required to warrant the court in permitt'ng, by a *nunc pro tunc* order, the supplying of missing written suggestions as of the date of the decree.

The order assessing damages is as follows :

" And said suggestion of damages now coming on to be heard in open court, on the evidence heard in the presence of complainant's counsel, the court does assess the damages occasioned to the defendants (upon the dissolution of the injunction) by a wrongful issuing thereof at the sum of two hundred and twenty-five dollars and awards execution against the complainant therefor."

The suggestions of damages specified, first, the loss of

time from business of each defendant severally, in the preparation of the cause for trial and attending court; and second, "for attorney's fees necessarily required and the expense thereof incurred in preparing this case for trial and in arguing the same before the court on three different occasions."

The only evidence heard or offered in support of the suggestions of damages was in relation to the attorney's or solicitor's fees. The solicitor who appeared for and filed answers for the several appellees and represented them at the hearing, testified that he had no bargain with the defendants (appellees) as to the extent of his fees, and added : " I expect to charge the usual, customary and reasonable fees for the services of lawyers in this class of cases."

Assuming that the testimony of other practicing lawyers who testified as to the value of the services rendered in the cause, upon the hypothesis of services rendered as stated by the solicitor for the defendants, was sufficient to justify the award made, so far as amount is concerned, we can not sustain the order that was entered.

A suggestion of damages, in this class of cases, takes the place of a declaration, and should be so framed as to give the opposite party information with reasonable certainty, of the nature and amount of the damages claimed. Howard v. Austin, 12 Ill. App. 655; Winkler v. Winkler, 40 Ill. 179; Stinnett v. Wilson, 19 Ill. App. 38.

Neither the suggestion that was filed, nor the evidence that was heard in support of it, made any discrimination between services rendered in the cause generally, and those specially rendered in procuring a dissolution of the injunction. The written suggestion is for " preparing this case for trial and in arguing the same." In the solicitor's testimony, it appears that one of the arguments before the court involved the question of multiplicity of suits; another was upon the right of appellant to amend its bill, and the third one, upon a hearing of " the whole case."

" The rule is, that a defendant may recover, as damages on dissolution of an injunction, the solicitor's fees which he

has paid or become obligated to pay, for services rendered obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit.   *   *   *   In Alexander v. Colcord, 85 Ill. 323, it was held to be serious objection to the evidence in support of a suggestion of damages of this character, that it made no discrimination between services rendered in the case generally, and services which were strictly necessary to procure a dissolution of the injunction." Lambert v. Alcorn, 144 Ill. 313.

And it was held in the last cited case that, such discrimination not being made, there was no evidence upon which the assessment of damages could be based, and that the portion of the decree there under review, relating to damages, could not be sustained.

This might perhaps be sufficient for this case, but we may add, the award of damages is, also, too uncertain to be sustained. It is not in favor of anybody. It awards execution against the complainant but does not name any one in whose favor execution should run.

That portion of the decree which dismisses the bill for want of equity at the costs of appellant is affirmed, but the portion assessing damages for the dissolution of the injunction is reversed. The costs of the appeal will be taxed against the appellees. Affirmed in part, and reversed in part.