## Maurice Rosenfeld and Peter Van Vlissingen v. Minnie J. De Witt, James Turnock and George C. Corning.

1. RECORDS—*Evidence of Damages—Dissolution of Injunctions.*—A failure to show in the record, the evidence upon which an allowance of damages is made upon the dissolution of an injunction, is fatal.

**Bill for an Injunction.**—Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed January 16, 1900.

WILLIAM W. CASE, attorney for plaintiffs in error.

JAMES TURNOCK, attorney for defendants in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Upon the dissolution of an injunction granted upon a bill filed by the plaintiff in error Van Vlissingen, against the defendants in error, an assessment of damages upon suggestions therefor was had, and judgment for fifty dollars solicitor's fees as and for damages sustained, was given against Van Vlissingen and his surety upon the injunction bond, both of whom have joined in this writ of error.

The only damages claimed were for solicitor's fees. Although the order upon the assessment of damages shows that evidence was heard, the record nowhere shows what the evidence was.

A failure to show in the record the evidence upon which an allowance of damages is made upon the dissolution of an injunction is fatal, and a decree awarding damages must be reversed for the error. Steele v. Boone, 75 Ill. 457; Howard v. Austin, 12 Ill. App. 655.

Other errors are assigned and argued, but one error well assigned is enough.

The decree is reversed and the cause remanded.