CHARLES MASON *et al.*, Plaintiffs in Error, *v.* McGIRR *et al.*, Defendants in Error.

ERROR TO BUREAU.

If a trial is had upon bill and answer, without a replication, the answer must be considered as true.

A court has not power to decree affirmative relief on an answer; this can only be done on bill or cross-bill praying such relief.

THE complainants are the executor and devisees of Jesse C. Smith, deceased, and file their bill, alleging, that a patent for the premises in controversy was issued, by the United States, to John Reynolds, John Claypool and Samuel B. Chandler. That Chandler, by warranty deed, dated Oct. 10, 1839, conveyed his interest to Reynolds; that Reynolds, by deed dated March 20, 1846, and recorded September 24, 1847, conveyed all his interest to said Jesse C. Smith; and that Claypool, by deed dated September 2, 1845, conveyed his interest to Smith. That Smith died July 30, 1850, and the two conveyances, from Chandler to Reynolds, and from Claypool to Smith, were not recorded until April 13, 1859. That in 1856, Mason, the executor, with the consent of the devisees, employed the defendant, McGirr, to assist in affecting a sale of the lands, and that he acted as such agent until 1859; that said McGirr knew the lands had been conveyed to Smith, but ascertained, while acting as agent, that the deeds from Chandler to Reynolds and from Claypool to Smith had not been recorded in Bureau county. That thereupon McGirr, by fraud and misrepresentation, procured quit-claim deeds of the premises from Chandler and Claypool, and caused the same to be recorded. That by quit-claim deed, for the recited consideration of one dollar, and other considerations, McGirr conveyed his title to defendant, Tilden, which deed was recorded May 1, 1859, and that Tilden had notice of the aforesaid conveyances to Smith. The bill prays that the deeds from Chandler and Claypool to McGirr, and from McGirr to Tilden, be set aside, and for other relief agreeable to equity, etc.

The defendants file separate answers, denying most of the material averments in the bill, and insisting upon the validity of Tilden's title.

No replications having been filed, the case was set down for hearing upon the bill and answers, and a decree was entered that the bill be dismissed, that complainants pay the costs, and " that the title to the undivided two-thirds of the premises be confirmed in Tilden."

The plaintiffs assign that the latter part of the decree is erroneous.

B. F. AYER, for Plaintiffs in Error.

A court of chancery cannot give affirmative relief to a defendant upon an answer merely, except so far as a refusal of relief to the complainant will amount to it.

Where the defendants rely on their answer alone, they can use the answer only for the purpose of defense. If they wish for affirmative relief, they must seek it by way of an original or cross-bill. *Ballance* v. *Underhill*, 3 Scam. 453; *Edwards* v. *Helm*, 4 Scam. 142; *Tarleton* v. *Veets*, 1 Gilm. 470; *Rowan* v. *Bowles*, 21 Ill. 17; *McConnell* v. *Smith*, 23 Ill. 611; *German* v. *Machin*, 6 Paige, 290; 2 Barbour's Ch. Prac. 126, 128; Story's Eq. Plead., sec. 391; 3 Daniel's Ch. Prac. 1742.

" Where a bill is filed to set aside an agreement or conveyance, the agreement or conveyance cannot be established without a cross-bill, filed by the defendant." 2 Barbour's Ch. Prac. 128.

E. F. BULL, for Defendants in Error.

A decree of dismissal to a bill in chancery, entered upon a hearing of the cause, is a bar to any subsequent proceedings in chancery between the same parties, and their privies, on account of the same subject-matter. *Holmes* v. *Remson et al.*, 7 Johns. Chan. R. 286; *Gould* v. *Stanton et al.*, 16 Conn. (11 New Series), 12; Story's Eq. Plead., secs. 456, 793.

A dismissal of a bill in chancery, filed for the purpose of setting aside a conveyance, rendered upon the trial of the bill,

operates as an affirmance of the conveyance, and the court may establish the title under such conveyance, on the answer alone, without the aid of a cross-bill for that purpose. *Gould* v. *Stanton et al.*, 16 Conn. (11 New Series), 12.

WALKER, J. This cause was tried in the court below, on bill and answers, without replications. The answers denied all the material allegations contained in the bill. When a trial is had upon bill and answer, and no replication is filed, according to the uniform rule of practice in a court of equity, the answer must be considered as true. *De Wolf* v. *Long*, 2 Gilm. 682; *Kitchell* v. *Burgwin*, 21 Ill. 40. The answers deny any notice of McGirr's agency, all knowledge that complainants were the owners of the title, which is claimed by the bill, or of their unrecorded deeds, as well as all fraud in the sale to, or purchase by Tilden. The answers allege that he purchased for the sum of fourteen hundred dollars, nine hundred of which had been paid. This being considered as true, the court below could not have done otherwise than dismiss the complainants' bill.

But it is further objected, that the court had no power to decree affirmative relief on the bill and answers alone. The practice has been long and uniformly settled, and it must be regarded as the established practice of this court, that such relief can never be given, unless it be on bill or cross-bill praying relief. *Balance* v. *Underhill*, 3 Scam. 453; *Edwards* v. *Helm*, 4 Scam. 142; *Tarlton* v. *Veets*, 1 Gilm. 470; *Rowan* v. *Bowles*, 21 Ill. 17; *McConnell* v. *Smith*, 23 Ill. 611. In such cases, all the court can do, is to refuse the relief sought, and dismiss the bill, leaving the defendant, if he have equitable rights, to pursue them in an original suit. If this decree were to remain in force, it would operate as a bar to a recovery in ejectment, notwithstanding the complainants might establish an indisputable right of recovery outside of the grounds relied upon in the bill. It would be unjust to cut off their rights, by decreeing that Tilden had an indefeasible estate in the premises, without permitting complainants to controvert the fact by answer and proof. In decreeing a

confirmation of his title without a cross-bill, the court below committed an error, for which the decree must be reversed, but a decree will be entered here, dismissing the bill without prejudice.

*Decree reversed.*