# STEPHEN PANKEY, Administrator, *et al.*

## *v.*

# GREEN B. RAUM.

1. CHANCERY—*of the presumption in support of a decree, in the appellate court.* If the allegations of a bill in chancery are denied, the complainant must establish his rights by sufficient evidence, and such evidence should be preserved in the record, or the decree should find the facts on which it is based, and the appellate court will not help out a cause in chancery by presuming evidence was given in it which does not appear in the record.

2. BURDEN OF PROOF—*when upon the defendant in chancery.* Where a defendant in chancery, in his answer, admits all the allegations in the bill, and seeks to avoid them by setting up new matter not responsive to the bill, and a replication is interposed, the *onus* of proving the new matter is upon the defendant, and the complainant has no facts to prove, as a party is not required to prove facts alleged in his pleadings, which are admitted by the pleadings of the opposite party. And this is the rule, though the answer which sets up such new matter be sworn to.

3. NEW TRIAL—*verdict upon a feigned issue.* An objection to the form and sufficiency of a verdict certified to the court below, upon the trial of a feigned issue out of chancery, will not be entertained unless the evidence on which the verdict was rendered be preserved in the record, as otherwise the appellate court can not pronounce upon the sufficiency of the verdict.

4. FEIGNED ISSUE—*out of chancery—whether it must embrace the whole case.* In making up a feigned issue, to be tried out of chancery by a jury, it is not essential that every fact alleged in the pleadings in the suit should be embraced therein.

5. So in a suit in chancery to compel the specific performance of a contract for the conveyance of land, brought against the representatives of the vendor, the contract of sale having been assigned to the complainant by the original vendee, it was set up as a defense that the contract had been canceled by the original parties thereto, and the note given for the purchase money surrendered, and afterwards the contract was surreptitiously obtained by the vendee and transferred to the complainant, and it was further alleged that the vendor was insane at the time the contract was executed: *Held,* that the question of sanity was the only fact proper for the consideration of the jury, and moreover, the party upon whose motion that fact alone was so submitted, could not complain that other facts in the case were not embraced in the issue.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

The opinion states the case.

Mr. E. V. PIERCE, Mr. C. K. DAVIS and Messrs. TANNER & CASEY, for the plaintiffs in error.

Mr. GREEN B. RAUM, *pro se.*

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery exhibited in the Circuit Court of Saline county, by Green B. Raum against Yerba Hudson, John Pankey, administrator of Henry Hudson, deceased, and Hampton Pankey, and Patsey Pankey and others, unknown heirs of said Henry Hudson, deceased, for a conveyance of the south-west quarter of the south-east quarter of section 22, in town 9 south, range 6 east, containing forty acres of land.

The complainant claimed a conveyance from the heirs at law of Henry Hudson, deceased, who were made defendants to the bill, in virtue of a bond executed to one John Henderson by the deceased, Henry Hudson, and Patsey his wife, bearing date November 29, 1853, by which they covenanted, on the payment of sixty dollars by Henderson, to convey to him the tract of land above described.

It appears Henderson executed his note for sixty dollars, the amount of the purchase money.

Henderson, on the 7th of January, 1861, assigned this bond to complainant, and he produced the same in evidence, together with the note executed by Henderson for the purchase money.

The only defense set up in the circuit court was the alleged insanity of Hudson at the time of the execution of the title bond, and on the suggestion of the defendants a feigned issue was made as to the question of sanity. The jury found, from.

the evidence offered, that the covenantor was of sound mind at the time he executed the bond. This verdict was certified to the circuit court, and on the final hearing on the bill, answers, replications and exhibits and this verdict, the court decreed that defendants execute and deliver to complainant a deed for the land in question, within thirty days, or on failure so to do, that then the master in chancery execute the deed.

To reverse this decree the defendants bring the record here by writ of error, assigning various errors.

Pending the writ in this court, Yerba Hudson died, and the suit was revived against his administrator, Stephen Pankey, whose appearance was duly entered. Hampton Pankey also died, on whose estate the same Stephen Pankey was appointed administrator, and his appearance duly entered. Publication, on an affidavit of non-residence, was made against the unknown heirs of Henry Hudson, and proof thereof submitted to the circuit court.

The first point made by the plaintiffs in error is, that in chancery a party to recover, if the allegations are denied, must establish his rights by sufficient evidence, and such evidence should be preserved in the record, or the decree should find the facts on which it is based.

This is, unquestionably, the doctrine of this court, as established by a long course of decisions, and this court will not help out a cause by presuming evidence was given in it which does not appear in the record, is a principle equally familiar.

Unfortunately for plaintiffs in error in this cause, no one of the allegations in complainant's bill is denied by either of them in their several and separate answers. There is an express admission in them of every fact alleged by complainant, and on which he relied for a decree in his favor. The execution of the title bond by Hudson and wife, and of the note by Henderson for the purchase money, are distinctly admitted, but to destroy their effect, new matter is set up in the answer, and that is, the trade between Hudson and wife and Henderson had been, canceled, and his note given up to him thereupon,

and that afterwards he surreptitiously obtained possession of the bond, after the death of Hudson and wife, and assigned it to complainant, he well knowing that the transaction was a fraud upon the estate of Hudson. To each of these answers, containing this new matter, there was a replication. In such cases the rule is well settled, that the *onus* of proving the new matter is upon the party setting it up, but when a cause stands upon bill and answer only, the complainant admits all that is stated in the answer to be true, whether it is responsive to the bill or not. *D' Wolf* v. *Long*, 2 Gilm. 679; *Mason* v. *McGirr*, 28 Ill. 322.

In no case at law or in chancery is a party required to prove facts alleged in his pleading, which are admitted by the pleadings of the opposite party. In this case, therefore, there were no facts to be proved by the complainant, they having been admitted by the defendants in their separate answers.

The new matter set up by them, such as the cancellation of the bond and the surrender of the note, and the insanity of the covenantor, were not responsive to any allegation in the bill, and though sworn to by each of the defendants, called for proof of their existence, by the interposition of the replication; hence, it became a necessity on the part of the defendants below to prove these various matters of defense. Instead, however, of attempting proof of the alleged cancellation of the bond and obtaining the note surreptitiously, the defendants submitted, as the only issue in the cause, the fact of the sanity of the deceased at the time he executed the bond.

These considerations dispose of the principal points made by plaintiffs in error. The other point, that the verdict was informal and insufficient, and the court should have allowed the motion for a new trial, it is sufficient to say, the evidence on which the verdict was rendered is not preserved in the record, and consequently we cannot pronounce upon its sufficiency.

Another point is made, that there was error in submitting a part only of the cause to the jury. The answer to this is, it

was on the defendant's own motion that the fact of sanity should be alone submitted to the jury, and it was the only fact in the case proper for the consideration of a jury.

We perceive no error in the record and the decree must be affirmed.

*Decree affirmed.*