MARY WHITE *et al.*

*v.*

JOHN WHITE, Jr. *et al.*

*Filed at Mt. Vernon June 21, 1882.*

1.  CHANCERY—*affirmative relief on answer—necessity of cross-bill.* Affirmative relief can not be granted to a defendant in chancery upon his mere answer to the bill. To obtain such relief the defendant must file a cross-bill praying for the relief he seeks.

2.  Upon bill filed to reform a deed in respect to an alleged misdescription of the land intended to be conveyed, the defendant answered, admitting the mistake in the description of the land in the deed, but setting up another and different mistake—that it was intended to convey only a life estate in the land, whereas the deed purported to convey the fee. The evidence on the hearing tended strongly to support the answer, and the court below entered a decree setting the deed aside. It was held erroneous to grant such relief to the defendant in the absence of a cross-bill.

3.  SAME—*construction of a bill as to the character of relief sought.* The deed in which the misdescription occurred, purported to convey five acres off the east side of a certain quarter section, when the intention was to convey that number of acres off the east side of a forty acres of that quarter section. The bill prayed that the deed be corrected according to the facts, and that so far as it applied to the forty-acre tract not intended to be affected, the deed be for naught held, or that the error or mistake be corrected as the court might deem best, and for other and further relief. It was held this prayer

in the bill could not be construed as embracing the setting aside of the deed altogether, on the basis of the defendant's answer, and thus to obviate the necessity of a cross-bill. The prayer was for the correction of the deed by a further conveyance, in conformity with the facts charged in the bill.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.

Mr. J. C. HAWTHORNE, for the plaintiffs in error:

Affirmative relief can not be granted to a defendant upon a simple answer without a cross-bill accompanying the same. *Tarleton* v. *Vietes*, 1 Gilm. 170; *Edwards* v. *Helm*, 4 Scam. 143; *McConnell* v. *Hodson*, 2 Gilm. 640; *Mason* v. *McGuire*, 28 Ill. 322; *McCagg* v. *Heacock*, 42 id. 135; *Hanna* v. *Ratekin*, 43 id. 462; *Titsworth* v. *Stout*, 49 id. 78; *Conwell et al.* v. *McCowan et al.* 53 id. 363; *Howett* v. *Selby*, 54 id. 151; *Purdy et ux.* v. *Henslee et al.* 97 id. 389.

It may be said that complainants in their bill prayed for a cancellation of the deed, but this is not so. They only asked to have the deed reformed so as to correspond with the real facts of the case, and that it be a nullity so far as it did not correspond with the real facts—that it still be the basis of a correct and true conveyance to be evolved therefrom.

Mr. J. R. McFIE, for the defendants in error:

The decree setting aside the deed was in pursuance of the prayer of the bill. It prayed that the deed of John White, Jr., to John White, Sr., be cancelled. The decree cancels and annuls that deed. It grants no affirmative relief whatever, not asked by the complainants.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiffs in error exhibited their bill in the Perry circuit court, to correct and reform a deed to five acres of land conveyed by John White, Jr., the patentee, to his father, John White, Sr. He conveyed it to Samuel White, who died, leav-

ing May White, his widow, and Eva White, his only child and heir. The bill alleges that John White, Jr., in conveying to his father, intended to convey five acres off the east side of the north-east quarter of the south-west quarter of section 6, township 4 south, range 4 west, in Perry county, but in drafting the deed a mistake was made, and it was described as being on the east side of that quarter section. The prayer of the bill was, that on a final hearing the deed from John White, Jr., to his father, be corrected according to the facts; that he be decreed and required to quitclaim the properly described lands; that the deed first made, so far as it applies to the south-east quarter of the south-west quarter of section 6, be for naught held, or that the error and mistake be corrected as the court may deem best, and for other and further relief. Defendant answered, admitting the mistake, but sets up another and different mistake, and that is, it was intended that John White, Jr., should convey to his father only a life estate in the five acres intended to be conveyed. The evidence on the hearing strongly tended to support the answer. To this answer a replication was filed, and on the hearing the court decreed that the deed be annulled, avoided and forever held for naught, and that complainants pay the costs.

Defendant having failed to file a cross-bill, it is urged that it was manifest error to grant specific relief to defendant on the answer—that under that state of the pleadings, according to the well recognized rules of practice, the court could do no more than dismiss the bill. According to the uniform practice of this and almost all courts of chancery, the court can never grant affirmative relief on the answer. To obtain such relief the defendant has the power to, and he must, file a cross-bill praying for the relief sought. This is the rule announced in *Tarleton* v. *Vietes*, 1 Gilm. 470, *Edwards* v. *Helm*, 4 Scam. 143, *McConnell* v. *Hodson*, 2 Gilm. 640, *Mason* v. *McGirr*, 28 Ill. 322, and *McCagg* v. *Heacock*, 42 id. 153, and a long list of other cases in this court might be

cited announcing the same rule.    It is so plain and element-
ary as to require the citation of no authority for its support,
as it is familiar to the entire profession.    In this there was
clear and fatal error.    Nor has defendant attempted to dis-
tinguish this case from those cited, except he claims the
decree was in accordance with the prayer of the bill.    This
is undeniably a misconception.    The prayer is for a correc-
tion of the deed by a further conveyance, so as to conform
to the facts as charged in the bill.    It asks to have that
part of the deed which embraces a portion of the other
forty acres of the quarter to which they make no claim,
declared void, and nothing more.    To hold the prayer asks
the entire deed be declared void, would violate every rule of
construction.

It is said that the merits of the case require the affirmance
of the decree, and to reverse it would be to enforce techni-
calities and to produce hardship.    In the administration of
justice some form must be observed, and there are rules of
practice that must be observed, and the one under consider-
ation is of that character.    It is plain, simple, and easy of
application, and when not observed by counsel, and it pro-
duces hardship, it is of his own procurement, and not that of
the law, nor can it relieve against such omissions.

This error must reverse the decree, and renders it unneces-
sary to discuss the other questions raised and discussed.
The decree of the court below is reversed, and the cause
remanded.

*Decree reversed.*