## Edwin Taylor v. Martha Taylor.

1. NOTICE—*In Chancery Proceedings — Cured by Appearance.*—
Where a written notice informs the party to be affected thereby of the
time and term of court when and where the party serving it will present
her petition, and what steps were proposed to be taken, the appearance
of counsel on behalf of the party to be affected at the hearing, without
objection, will justify the court in finding the notice had been received
by him, and he was regularly in court in response to it.

2. EVIDENCE—*Admission Without Objection.*—Where a sworn peti-
tion was introduced and read in evidence on behalf of defendant with-
out objection thereto, or exception by counsel for plaintiff in error, it is
too late to make objection in the Appellate Court.

3. CHANCERY PRACTICE—*Hearing Upon Bill and Answer.*—Where a
party to a chancery proceeding consents to a hearing upon the bill and
answer, without replication, he admits all that is stated in the answer,
to be true.

Memorandum.—Chancery proceedings to open a decree entered upon
service by publication. Error to the City Court of East St. Louis; the
Hon. BENJAMIN H. CANBY, Judge, presiding. Heard in this court at
the August term, 1893, and affirmed. Opinion filed March 23, 1894.

### STATEMENT OF THE CASE.

On April 9, 1890, Edwin Taylor filed his bill for divorce
in the City Court of East St. Louis, alleging he had been a
resident of St. Clair county, Illinois, for one year; that he
was married to defendant, Martha Taylor, April 23, 1878,
in St. Louis, Mo., and cohabited with her until August 1,

1887, and provided her with all the necessaries and comforts of life, to the best of his means; that on August 1, 1887, she deserted him without cause, and remained away for more than two years, and has persisted in such desertion; makes Martha Taylor defendant, and prays that said marriage be declared null and void.

Summons issued April 9th, and was returned April 11, 1890, by the sheriff, " not found." On July 7, 1890, Taylor filed his affidavit, setting forth that defendant was a resident of St. Louis, Missouri. Notice to defendant of the pendency of the suit was published in the " East St. Louis Signal," seven successive weeks; the first publication on July 12, 1890, and the last on August 23, 1890. On July 16, 1890, the clerk of said court mailed copy of the published notice, addressed to Martha Taylor, St. Louis, Mo. On October 18, 1890, the City Court entered a decree of divorce as prayed for. On November 10, 1892, notice in writing, signed by said Martha Taylor, addressed to said Edwin Taylor, was served on, and receipt thereof acknowledged in writing by N. Flannigan, who had acted as Taylor's solicitor in the divorce proceeding, stating that on the first day of the next term of said court, or as soon thereafter as counsel could be heard, Martha Taylor, defendant in said cause, will present a petition to said court asking leave to file her answer to the bill of complaint therein, and that she be heard touching the matter of the decree rendered, as allowed by the statute in such case made and provided, at which time and place Taylor could appear and oppose the petition, if he saw fit to do so. On the original notice is this written indorsement: " Served the within notice in the City of St. Louis, Mo., this 10th day of November, 1892, by delivering a true copy thereof to the within named, Edwin Taylor. Ben. F. Brady, Constable 6th District, City of St. Louis, State of Mo., by John Ellison, Deputy."

The petition of defendant in error was presented to the City Court of East St. Louis, in pursuance of the above notice, and sets up the foregoing proceedings in the divorce case. That she was not served with the summons issued in said

cause, nor with a copy of the bill of complaint therein. That she did not receive the notice of publication of the pendency of the suit, required to be sent by mail by the clerk, and has not been served with a notice in writing of such decree. Prays to be heard, touching the matter of such decree. Presents her answer with said petition denying that complainant is or was an actual resident of said county of St. Clair, or of the State of Illinois, at the time, or as alleged in the bill. Admits the marriage, and that she lived with complainant, as alleged. Denies desertion charged. Alleges his desertion of her, without .cause, on August 1, 1887, and ever since. Petitioner asks leave to file her said answer, and that upon a hearing of the matter involved in said suit, the decree may be set aside or amended as shall be just and right, and for general relief. The petition is sworn to by Martha Taylor, before E. Millard, notary public, November 9, 1892.

On December 5, 1892, said court granted leave to redocket the divorce case, and to file said petition and notice, and th same was taken under advisement by the court. On December 12, 1892, leave was granted defendant to file her answer, and she is allowed to contest the decree theretofore entered in said cause, with such decree to stand until final hearing, and the cause was set for final hearing on the 19th day of December, 1892.

On December 20, 1892, the parties came by their respective solicitors, C. W. Thomas, for complainant, and M. Millard, for defendant. Counsel agreed the cause should then be heard, and that a jury be waived. Thereupon the court heard the cause on the bill, answer and evidence adduced, and having heard counsel, found that the complainant had not resided in this State one year before bringing this suit; that he is now and was, before filing his bill herein, a resident of the city of St. Louis, State of Missouri; that he is known by the name of Thomas E. Taylor; that defendant did not desert him as charged, but that he deserted her, for more than three years last past, without any cause or provocation, and that complainant was not entitled to a divorce;

that defendant is now and has been for more than seven years last past, an actual resident of the said city of St. Louis, and has resided during that period in the home provided for her by complainant; that defendant was not served with process or copy of the bill, and did not receive a copy of the notice of the finding of this court, published by the clerk and sent by mail, as required by law, and has not been served with a notice in writing that the decree herein was rendered, and had no actual notice of any kind, that this suit had been instituted and the decree rendered until October, 1892; that there was neither jurisdiction of the parties or subject-matter of this cause, and the decree is wholly void and ought to be set aside. It is further ordered that the decree for divorce be vacated, set aside and annulled; that the bill of complaint be dismissed with costs, and execution issue therefor. It appears by the certificate of evidence, that at said final hearing defendant read her petition in evidence without objection, and the notice and receipt of Flannigan and indorsement of service as before stated, and it is further stated in the certificate that no other evidence was offered or heard upon the said hearing.

CHARLES W. THOMAS, attorney for plaintiff in error.

M. MILLARD, attorney for defendant in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

It is contended on behalf of plaintiff in error, that the decree vacating and annulling the decree for divorce and dismissing the bill, should be reversed by this court for two reasons. 1st. Because there was no proof before the court at the time the answer was permitted to be filed, that plaintiff in error had received notice of the proposed proceeding. 2d. Because there was no sufficient proof at that time that defendant in error did not have full notice of the divorce proceedings. In support of the first point, it is said the receipt of the written notice by Flannigan, as attorney for plaintiff, was insufficient, because at time of service the rela-

tion of attorney and client, between them, had ceased, and that the service of said notice on plaintiff in error, by the constable in St. Louis, was a nullity, because the return was not sworn to. The written notice fully informed plaintiff in error of the time and term of court, when and where the defendant in error would present her petition, and what steps were proposed to be taken, and the appearance of counsel on his behalf at the hearing, without objection, justified the court in finding the notice had been received by him, and he was regularly in court in response to the notice. Hence, the first point is not well taken. The contention under the second point is, that the court erred in receiving and considering as evidence the said petition sworn to by defendant in error. It appears, however, that at the hearing, both parties appeared by counsel. That a jury was waived and the cause was heard by consent on the bill, answer and evidence, and argument of counsel. That the said sworn petition was introduced and read in evidence on behalf of defendant, without objection thereto, or exception by counsel for plaintiff in error, and it is too late now to make objection. It should have been made below, and if the evidence was held incompetent, the defendant would have been afforded an opportunity to supply competent evidence to prove the same facts. In the case of Washington v. L. & N. Ry. Co. et al., 136 Ill. 55, a motion was made by defendants in the trial court that judgment for $200 and costs be entered for plaintiff, in accordance with her agreement, as administratrix of the estate of Washington, to accept that sum in satisfaction and release of the claim against the corporation. Plaintiff resisted the motion on the ground that the execution of said agreement had been procured by fraud and misrepresentation, and filed her affidavit setting forth facts to support her contention; defendants filed counter affidavits. The motion was sustained, and judgment for plaintiff was entered for $200 and costs.

In the opinion, it is said complaint is made that by the course pursued, plaintiff was deprived of the right to cross-examine affiants for defendants, but as she was in court

resisting the motion and made no objection to the consideration of the affidavits by the court, she can not now be heard to complain. If improper evidence was offered in support of the motion she should then have objected to it, and thereby, if it was held to be incompetent, enable defendants to supply other and competent evidence. The rule thus announced is applicable to the facts in this case and decisive against the second reason assigned for reversal. In conclusion, it is only necessary to say, appellant was represented by counsel, and having consented to a hearing upon the bill and answer, without replication, he admitted all that was stated in the answer to be true. Pankey v. Raum, 51 Ill. 88; County of Cook v. G. W. R. R. Co., 119 Ill., p. 224; and the facts stated in the answer and in the petition, justified the court in its findings, and the court properly held it did not acquire jurisdiction and did not err in vacating the decree for divorce which had been entered, and dismissing the bill. The decree appealed from is affirmed.