EDWARD P. BAKER

*v.*

JOHN L. JACOBSON.

183   171
c185   194
88a   19

*Opinion filed December 18, 1899.*

1. MORTGAGES—*specified solicitor's fee may be allowed on foreclosure if not unreasonable.* It is proper for the court, on foreclosure, to allow the amount stipulated in the mortgage for solicitor's fees, unless it appears that the amount was inserted as a cover for usury or is unreasonable.

2. SAME—*when court may allow amount paid by mortgagee for insurance premium.* The court, on foreclosure, may allow the amount paid by the mortgagee for renewing insurance where the mortgage requires the mortgagor to keep the premises insured, and provides that on foreclosure all money advanced by the mortgagee for insurance, taxes, etc., shall be paid out of the proceeds of the sale.

3. SAME—*mortgagee not obliged to make demand on mortgagor before renewing insurance.* A mortgagee is not obliged to make a demand upon the mortgagor before renewing the insurance where the mortgage requires the mortgagor to keep the property insured, and provides that money advanced by the mortgagee for that purpose shall be allowed out of the proceeds of the sale in case of foreclosure.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

This is a bill, filed on September 8, 1897, by the appellee to foreclose a trust deed dated September 1, 1892, and. executed by Sadie M. Wallace and Charles L. Wallace to one Paul O. Stensland, as trustee, for the purpose of securing a note for $4500.00, executed by the said Sadie M. Wallace and Charles L. Wallace, due in five years after date, and also certain interest notes given for the interest accruing thereon. The appellant, Edward P. Baker, was made a party defendant to the bill under the general allegation therein, that he had some interest in the premises, subsequent and subject to the lien of the trust deed. The cause was referred to a master in chancery, who re-

ported to the court the amount of principal and interest due upon the notes, and also reported that, under the terms of the trust deed, there was due to the complainant $100.00 for solicitor's fees, and that there was also due to complainant the sum of $60.00 for insurance paid by him upon the premises. The court below entered a decree of foreclosure for the full amount reported to be due by the master, including the solicitor's fee and the sum paid for insurance. An appeal was taken from this decree to the Appellate Court, where the decree was affirmed. The present appeal is taken from the judgment of affirmance, so entered by the Appellate Court.

CHARLES PICKLER, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The only errors urged upon our attention are those, which relate to the allowance by the court below of $100.00 for a solicitor's fee, and $60.00 paid out by appellee on account of insurance upon the premises.

The trust deed provides for a specific amount, to-wit: $100.00 for a solicitor's fee in case of foreclosure. In addition to this, proof was taken before the master, showing that the sum of $100.00 was a reasonable fee for the services rendered in the foreclosure of the mortgage. There was, therefore, no error in allowing a solicitor's fee of $100.00.

Where parties stipulate in a trust deed or mortgage for a particular amount to be paid as a solicitor's fee in case of foreclosure for default in the payment of the mortgage debt, and the mortgage provides, that such amount shall be paid out of the proceeds arising from the sale of the mortgaged property, it is not error for the court to decree the payment of the solicitor's fee; and the

parties will be concluded by the amount so agreed upon in the mortgage or trust deed, unless it appears that the amount was inserted for cover of usury, or was unreasonable or excessive. (*Heffron* v. *Gage*, 149 Ill. 182). Nothing of the sort appears here.

As far as the item allowed for insurance is concerned, the trust deed contained a covenant, that the grantors therein would keep the buildings on the premises insured; and the trust deed also provided that, in case of foreclosure, there should be paid out of the proceeds of the sale "all moneys advanced for insurance, taxes, and other liens and assessments," etc. In view of these provisions in the trust deed, it was proper to allow the amount paid by the appellee on account of insurance. We cannot see, that the holder of the trust deed was obliged to make a demand upon appellant before paying the sum of $60.00 for the renewal of the insurance. It was the duty of the grantors in the trust deed to keep the premises insured, and deliver the policies to the trustee; and, by the terms of the trust deed, no demand was required. Moreover, the appellant, Baker, has offered no evidence whatever in this case, and there is no proof in the record, that he had any interest in the property. It is true that, in his answer, he sets up that he is the owner of the property, but does not state how he became the owner; nor did he introduce any proof to establish his ownership.

We are asked not only to affirm the judgment of the Appellate Court, but to enter judgment against appellant for damages to the amount of ten per cent for the amount found due by the decree. The record does not present a case, which would justify us in entering judgment for damages. No damages will be allowed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*