### Joseph Lebkuechner v. Roger E. Moore.

1. EQUITY PRACTICE — *Exceptions and Objections to the Master's Report.*—Objections to a master's report should be made before the master, before the report is returned into court, and should point out the grounds of objection with reasonable certainty. The exceptions filed to the report, after it is returned into court, should correspond with the objections made before the master.

2. APPELLATE COURT PRACTICE—*What Is Sufficient to Warrant an Affirmance.*—The fact that no objections to the report were filed before the master is sufficient to warrant an affirmance of the decree.

Foreclosure.—Error to the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 26, 1900.

MORTON CULVER, attorney for plaintiff in error.

H. H. TALCOTT, attorney for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is error to reverse a decree of foreclosure of a mortgage on a bill filed by defendant in error against plaintiff

Lebkuechner v. Moore.

in error.   The pleadings having been made up, the cause
was referred to a master to take proofs and report.   The
master found and reported in favor of defendant in error,
and a decree was rendered accordingly.   The abstract fails
to show that any objections to the master's report were
made before the master.   The reason for this is apparent
from examination of the transcript which contains no objec-
tions to the report.

It appears from the record that the master, October 4,
1897, served notice on the solicitor of plaintiff in error that
the report was ready and would remain in his, the master's,
office until October 8, 1897, at 2 o'clock P. M., until which
time objections thereto might be filed.   No objections were
filed before the master.

October 14, 1897, the master's report was filed in court,
and on the same day a paper purporting to be " Exceptions
to master's report " was also filed in court.

November 1, 1897, the date of the decree, an order was
entered that the objections before the master stand as
exceptions to the report, but no objections having been
filed before the master, there was nothing to which the
order could apply.

" Objections to a master's report should be made before
the master, before the report is returned into a court, and
should point out the grounds of objection with reasonable
certainty.   The exceptions filed to the report, after it is
returned into court, should correspond with the objections
made before the master and be confined to such objections
as were allowed or overruled by the master," etc.   Springer
v. Kroeschell, 161 Ill. 358, 371.

The fact that no objections to the master's report were
filed before the master is sufficient to warrant an affirm-
ance of the decree.   But if we should consider the excep-
tions filed in the court as objections filed before the master
the result would be the same.   These exceptions, with the
exception of one as to the allowance of $50 solicitor's fees,
are too general.   They do not specifically direct attention
to any particular matter, or point out the ground of objec-
tion.   The exception to the allowance of $50 as solicitor's

fees is untenable. The decree was for $1,652.90, and the trust deed provided for an allowance of $50 as solicitor's fees. The amount allowed is very reasonable, and its allowance was proper. Baker v. Jacobson, 183 Ill. 171.

Counsel for plaintiff in error objects to the appointment of a receiver on the ground that the bill was not sworn to nor a receiver asked. The bill was not sworn to, but it prays for the appointment of a receiver, and a receiver was not appointed merely on the bill, but on an affidavit of facts fully warranting the appointment, which affidavit is not shown in the abstract of plaintiff in error.

The decree will be affirmed.