EDWARD P. BAKER

*v.*

JOHN A. PREBIS.

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*Appellate Court may assess damages for prosecuting appeal for delay.* Under section 23 of the act on costs, when read in connection with section 10 of the Appellate Court act, the Appellate Court may assess damages against a party who has prosecuted an appeal or writ of error merely for delay.

2. SAME—*Supreme Court will not disturb unabused exercise of Appellate Court's discretion.* The Supreme Court will not review the exercise of the Appellate Court's discretionary power in assessing damages for prosecuting an appeal for delay, in the absence of any showing that such power has been abused.

*Baker* v. *Prebis*, 86 Ill. App. 334, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

CHARLES PICKLER, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court, affirming a decree of foreclosure entered by the superior court of Cook county. In the judgment of the Appellate Court, the decree of the court below is affirmed, and the judgment then proceeds as follows: "It is further considered by the court that the said appellee recover of and from the said appellant the sum of $100.00, being a sum less than two per centum on $5179.27, the amount found due by the decree of the superior court, and his costs," etc. The only error assigned is, that the Appellate Court erred in assessing $100.00 as statutory damages against appellant.

The sole ground, upon which the judgment for damages is claimed by the appellant to be erroneous, is, that the statute, providing for the allowance of such damages, refers to the Supreme Court, and not to the Appellate Court.

Section 23 of chapter 33 of the Revised Statutes in relation to costs is as follows: "In every such case" (that is, on appeal or writ of error), "if the judgment or decree be affirmed in the whole, the party prosecuting such writ of error or appeal shall pay to the opposite party a sum not exceeding ten per centum on the amount of the judgment or decree so attempted to be reversed, at the discretion of the court, and in addition to the costs shall have judgment and execution therefor: *Provided*, the Supreme Court shall be of opinion that such appeal or writ

of error was prosecuted for delay." The preceding section 22 commences with the following words: "If any person shall sue out a writ of error, or take an appeal to the Supreme Court," etc. (Hurd's Stat. 1897, pp. 466, 467). Upon the face of the statute, damages can only be assessed against a party prosecuting an appeal or writ of error, when such appeal or writ of error is prosecuted to or from the Supreme Court of the State. The act in regard to costs above referred to went into force July 1, 1874. But section 10 of the act establishing Appellate Courts, which went into force July 1, 1877, is as follows: "The process, practice and pleadings in said court shall be uniform, and shall be the same as the process, practice and pleadings now prescribed or which may hereafter be prescribed in and for the Supreme Court of this State so far as applicable; and the judges of said Appellate Court may establish such uniform rules for the keeping of dockets, records and proceedings for the regulation of said court as shall be deemed most conducive to the due administration of justice, except as otherwise provided by law." (Hurd's Stat. 1897, p. 507).

When the Appellate Court act was passed in 1877, the provision in regard to damages, contained in section 23 of the act in regard to "Costs," was a part of the practice then prescribed in and for the Supreme Court of the State. Hence, by the terms of section 10, as above quoted, the Appellate Courts became clothed with the same power to allow the damages provided for in said section 23, as was then vested in the Supreme Court. We are, therefore, of the opinion that the Appellate Court, as well as the Supreme Court, may compel a party, prosecuting an appeal or writ of error, to pay the damages provided for in section 23.

No complaint is here made of the amount of the damages assessed against appellant, nor is it contended that the appeal in this case was not prosecuted for delay. The sum allowed as damages does not exceed two per

centum upon the amount found due by the terms of the foreclosure decree. The assessment of such damages is to be made under section 23 at the discretion of the court, and when the court is of opinion that the appeal or writ of error has been prosecuted for delay. The presumption is that, in awarding statutory damages against appellant, the Appellate Court was of opinion that the appeal was prosecuted for delay. There is nothing in the record, or urged by counsel for the appellant in his argument, to show that the Appellate Court has in any way abused its discretion. We are not prepared, therefore, to say that there is any error in requiring appellant to pay the sum of $100.00, in addition to the amount due by the terms of the decree. In *Baker* v. *Jacobson,* 183 Ill. 171, this court was asked to enter judgment against the appellant there for damages to the full amount allowed by the statute, and held that the record did not present a case justifying the entry of a judgment for damages. There, however, the application was an original one to this court to exercise the discretion conferred upon it by section 23. But in the case at bar we are asked to review the exercise of discretion in this matter by the Appellate Court. We forbear to review the exercise of a discretionary power by a lower court, unless it appears in some way that there has been an abuse of such discretionary power. There being no evidence of any such abuse here, we decline to reverse the judgment of the Appellate Court so far as it allows the damages in question, even though our own conclusion in regard to the matter might be different if the application for the assessment of damages was an original one addressed to this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*