## WILLIAM L. WALLEN

*v.*

## SILAS M. MOORE.

*Opinion filed October 19, 1900.*

1. PLEADING—*when cross-bill is not necessary to granting of affirmative relief.* If a junior encumbrancer is made a party to a suit to foreclose the superior encumbrance, a cross-bill is not necessary to entitle him to prove his claim and have satisfaction thereof out of any surplus above the superior encumbrance.

2. APPEALS AND ERRORS—*Appellate Court may assess damages for prosecuting appeal for delay.* The Appellate Court may assess damages where an appeal appears to have been prosecuted for delay, and the Supreme Court will not review the exercise of such power unless there has been an abuse of discretion.

*Wallen* v. *Moore*, 88 Ill. App. 287, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

GEORGE E. LEONARD, for appellant.

ULLMANN & HACKER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Charles H. Lawrence secured his note to appellee, Silas M. Moore, for $3500, with interest at seven per cent, by a trust deed on block 3 in Wallen & Probst's third addition to Oak Park, in Cook county. Lawrence sold the property, subject to said trust deed, to William L. Wallen, appellant, and Jerome Probst, and took from them a second trust deed to Otis R. Glover, trustee, on said block and five other blocks in said addition, to secure notes of said Wallen and Probst, which he sold and transferred to Margaret Lawrence. Appellee filed his bill in the superior court of Cook county to foreclose said first

trust deed executed to him, and made all said parties defendants. Margaret Lawrence answered the bill, alleging her ownership of said notes secured by the second trust deed, and upon a reference to the master she made proof of the notes and trust deed. The master reported that the complainant was entitled to a decree of foreclosure of the first trust deed; that there was due the defendant Margaret Lawrence, on the notes secured by the second trust deed, $38,811.43, and that she was entitled to have said amount paid out of any surplus arising from the sale of the premises. The defendant Wallen excepted to the finding that his co-defendant, Margaret Lawrence, was entitled to any surplus. The exceptions were overruled and the report was approved, and a decree was entered accordingly. From that decree the defendant Wallen was allowed an appeal to the Appellate Court, which affirmed the decree, and, being of the opinion that the appeal was prosecuted for delay, entered judgment for two and a half per cent of the amount found due the complainant, as damages for such delay. A reversal is asked on the grounds that the superior court granted affirmative relief to the defendant Margaret Lawrence upon her answer, and that this was not a proper case for the allowance of damages by the Appellate Court.

It is a well established rule that where junior encumbrancers are made parties defendant to a foreclosure suit, a cross-bill is not necessary to enable them to participate in the distribution of a surplus. A defendant in such case can prove his claim, and if there is a surplus above the superior encumbrance he may have satisfaction out of it. (*Soles* v. *Sheppard*, 99 Ill. 616.) Counsel does not seem to deny that rule, but says that there were two other decrees foreclosing trust deeds upon other blocks included in the trust deed securing the defendant Margaret Lawrence, and the same provision for the payment of any surplus to her was made in each of them, and therefore this decree is erroneous because, if there should be a sufficient

surplus in each instance, she would receive the whole amount of her debt three times. The record in this case does not show the existence of the other decrees as alleged; but if there are such other decrees for the same debt, one satisfaction of the debt will satisfy them all.

There are six blocks included in the trust deed securing the notes held by Margaret Lawrence, and it is argued that a provision is erroneous and inequitable by which a satisfaction of the trust deed may result from the sale of one block. The argument is, that if the six blocks are owned by different persons and a satisfaction of the trust deed should result from the sale of block 3, the entire encumbrance would be thrown upon the owners of that block while the owners of the others would escape all liability. If there are any equities of that kind they are not exhibited by the record and were not brought into the suit in any way. If other parties owned the remaining blocks subject to the trust deed the fact is not shown and they were not parties to this suit, and if there was any right to an apportionment of the lien the question was not presented to the superior court. So far as appears, Margaret Lawrence had a right to obtain satisfaction out of any part of the premises subject to the trust deed. If it turns out that the owners of block 3 are obliged to pay more of the lien than they are equitably liable to pay, they will have to seek relief in some other way against any person who is equitably bound to them.

The only other proposition presented here is, that the appeal to the Appellate Court was not prosecuted for delay, and therefore the allowance of damages was wrong. The Appellate Court may assess damages where an appeal appears to have been prosecuted only for delay, and we will not review the exercise of such power unless there has been an abuse of the discretion. (*Baker* v. *Prebis*, 185 Ill. 191; *Town* v. *Alexander*, id. 254.) We cannot say that the discretionary power reposed in the Appellate Court was abused in this instance. A similar motion for

the assessment of damages in this court has been made by appellee. We are not satisfied that there should be an additional assessment on this appeal, and the motion is denied.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*