### Alexander L. Dewar, Receiver, etc., et al. v. Isaac L. Ellwood.

1. RECEIVERS—*Should Obey Orders of the Court Appointing Them.*—A receiver has no interest in disobeying the orders of the court that appoints him, and in obtaining a review by an appellate tribunal of a decree directing him to pay over money. especially where a decree is made after a full hearing and determination of the merits of a claim, and he has no right to set up his own judgment against that of the court whose orders he is bound to obey.

2.  CHANCERY PRACTICE—*Duties of Parties Where Matters Are Referred to the Master.*—When matters of fact are referred to a master in chancery and his findings are not supported by the evidence, it is the duty of the parties, where no sufficient excuse is shown for their not doing so, to interpose their objections before such master, and if unavailing there, to interpose exceptions to his report in the court to which such report is returned, and not having done so, it is too late to raise the questions in the Appellate Court.

**Bill to Wind Up the Affairs of a Corporation.**—Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1900.  Affirmed.  Opinion filed November 1, 1901.

N. M. JONES, N. W. HACKER and C. J. WARD, attorneys for plaintiffs in error.

CRATTY, JARVIS & CLEVELAND, attorneys for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Upon a bill filed to wind up the affairs of the D. Eggleston & Son Company, a corporation, the plaintiff in error, Alexander L. Dewar, was appointed and qualified as receiver.  Among the creditors of the corporation who filed their separate and several claims, were the other plaintiffs in error, Maggie B. Eggleston and E. T. Mason & Co., and the defendant in error, Isaac L. Ellwood.

Elwood claimed a total of $73,957.05, consisting of two items, one for $42,457.05, being a balance due on account of sundry purchases and sales of pork in the Chicago market, including money advanced by him; and the other for $31,500, being the sum claimed as damages for a breach by the company of a contract relating to the sale and purchase of pork, including moneys advanced.

The receiver allowed and paid dividends, without dispute or question, on the first item of $42,457.05.

The receiver refused to allow and has never paid any dividend on the second item for $31,500.

It is this claim for $31,500 that is in dispute, and the only point involved in the case, on its merits, is whether all or any part of said sum should be allowed and paid, and this question was principally one of fact.

The claim was referred to a master in chancery who took much testimony and reported in favor of allowing it, but upon the hearing by the court, of exceptions to the master's report, and evidence taken in open court, the amount of the claim was somewhat reduced, and the decree entered that is now here for review.

None of the plaintiffs in error, except the receiver, objected to the allowance of Elwood's claim, or filed objections to the master's report.

The only persons who have joined in this suit in error are the corporation itself, the receiver, Maggie B. Eggleston and E. T. Mason & Co.

It seems from the record that the corporation is absolutely insolvent.

The preliminary motion of Elwood, the defendant in error, that was reserved to the hearing, to dismiss the writ of error, claims our attention first.

The decree directs that a payment of $28,000 and some interest be made by the receiver to Ellwood, out of assets remaining in the receiver's hands which were reserved from former orders of distribution for the purpose of applying on Elwood's disputed claim of $31,500, in case it should be allowed. There is no question but the receiver has the money on hand with which to make the directed payment, or that he has any counter-claim of his own against the fund so reserved and remaining in his hands.

We are unable to discover any interest that the receiver has in disobeying the order of the court that appointed him, and obtaining a review by an appellate tribunal of the decree directing him to pay the money. The decree was made after a full hearing and determination of the merits of the claim, and the receiver had no right to set up his own judgment against that of the court whose orders he was bound to obey. Chicago Title & Trust Co. v. Caldwell, 58 Ill. App. 219; Stanton v. Andrews, 18 Ill. App. 552; Stevens v. Hadfield, 178 Ill. 532.

The prosecution of this suit by him is clearly wrong and the decree should be affirmed or the suit dismissed, as to him, as of course.

Dewar v. Ellwood.

As to the corporation itself, and the claimed creditors Maggie B. Eggleston and E. T. Mason & Co., the other plaintiffs in error, we are of opinion neither they nor either of them are in a position to question the decree. They had their opportunity to be heard on the questions that were before the master on the reference to him, but none of them objected or excepted to his report and no order was ever obtained, or asked for, that the objections filed by the receiver should stand for their benefit.

The rule is that when matters of fact are referred to a master and his findings are not supported by the evidence, it is the duty of parties, where no sufficient excuse is shown for their not doing so, to interpose their objections before him, and if unavailing there, then, if they desire, to interpose exceptions to his report in the court to which it is returned, neither of which was done in this case. Jewell v. Rock River Paper Co., 101 Ill. 57; Kinsella v. Cahn, 85 Ill. App. 362; Lebkuechner v. Moore, 88 Ill. App. 16.

Although it affirmatively appears on the face of the decree that in addition to the evidence reported by the master, evidence was also heard in open court (that is not preserved in the record), and that consequently the presumption arises that the heard but omitted evidence justifies the decree, we may say that an examination of the evidence reported by the master discloses abundant reason for sustaining the decree on the merits of the case.

The counter-motion of the plaintiffs in error to be allowed to amend by making additional parties, if the court shall hold that additional parties are necessary, must be denied. Counsel do not indicate what parties there are who might under any circumstances have an interest in disturbing the decree. We do not hold that there are other necessary parties and we can see no useful purpose to be served by any such amendment and prolonging of the litigation.

The order will be that the decree be affirmed.