## John D. Ryan v. Owen E. Desmond.

### Gen. No. 11,749.

1. EXCEPTIONS TO MASTER'S REPORT—*what sufficient by way of.* An order directing that objections filed before a master shall stand as exceptions before the court, is sufficient, and formal exceptions need not be interposed.

2. MECHANIC'S LIEN—*what contract will support.* A contract by which a mechanic agrees to complete his work in about twenty-four days, and by which the owner agrees to pay therefor upon completion thereof, satisfies the requirement of the statute, and will support a claim for a mechanic's lien.

Mechanic's lien proceeding. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed February 9, 1905.

**Statement by the Court.** This is an appeal from a decree of the Circuit Court in favor of appellee against the appellant for a mechanic's lien on certain property at 2115 Dearborn street, in Chicago. The suit in which the decree was rendered was based on an alleged verbal contract for repairs on the building situated as aforesaid, between appellant, who was the owner of the property, and appellee, who was a contractor. The wife of appellant, as

Ryan v. Desmond.

having an inchoate right of dower, and also a tenant of the premises, were made parties defendant with the appellant. Against all but the appellant the bill was taken as confessed. The appellant demurred and the demurrer being overruled, answered. On replication being filed, the cause was referred to a master, who took evidence and reported that the contract proven was substantially in compliance with the statute relating to mechanic's liens; that appellee (complainant below) had performed the work and furnished the material set forth in his bill under said contract; that the sum claimed, $230.55, was a fair and reasonable value of all the labor done and materials furnished; and that complainant had filed his bill within the time provided for by statute. The master, therefore, found that appellee was entitled to a mechanic's lien for the sum of $230.55 and $23 for an attorney's fee, which the master found was less than a reasonable, usual and customary fee. He therefore recommended a decree in accordance with the bill and his report.

Seven objections were filed by appellant to this report with the master and by him overruled. The master returned his report and these objections, with the evidence taken, into court. No order appears in the record that the objections filed with the master should stand as exceptions to the master's report, except as such an order appears in the final decree, which recites that " it having been ordered by the court that the objections of defendant, Ryan, to master's report stand as and for exceptions thereto, after hearing all the evidence and arguments of counsel and being fully advised in the premises, it is ordered by the court that the exceptions to said master's report be and the same are hereby overruled and the said report be and the same hereby is in all things approved, ratified and confirmed." The decree then proceeds to find the allegations of the bill in detail proven, and to decree in the usual form a lien in accordance with the prayer of said bill and the master's report. From this decree this appeal is prosecuted.

The errors assigned raise the same questions covered by

the objections filed with the master, the contentions of appellant being, first, that the contract proven was not one which could be made the basis of a mechanic's lien, because it did not provide that the work should be done, the materials furnished and the final payment made within one year from its date; and, secondly, that assuming the contract proven was sufficient to entitle appellee to a mechanic's lien, the appellee did not establish, by a preponderance of proof, as he was bound to do, that the amount he claimed and which was allowed him by the decree was "the usual, customary, reasonable and market value of the work done and materials furnished under the contract."

Ira W. & C. C. Buell, for appellant.

Thomas B. Lantry, for appellee.

Mr. Justice Brown delivered the opinion of the court.

The appellee contends that we should not look into the merits of this appeal for several reasons. First, he says, the record shows no exceptions to the master's report filed in the Circuit Court. We think the recital in the final decree sufficient to allow us to consider that the court before passing on the master's report had put the objections filed with the master into the place of exceptions for the court. Secondly, appellee implies that the decree affirmatively shows that other evidence than that returned by the master was heard, thus bringing the case under the authority of Dewar v. Ellwood, 98 Ill. App. 46, and other cases. We do not think that this is the effect of the decree. Thirdly, appellee contends that because certain exhibits consisting of time sheets showing the time spent on the job by appellee's men, and pages of account books showing the material furnished, were withdrawn before the master, and no transcript of them appears in the record, they will be conclusively presumed to have furnished any evidence of the material allegations of the bill lacking in the record. There is no dispute as to what these exhibits showed. Their contents are agreed on between appellant and appellee, and

we can hardly sustain this contention under these circumstances. We have considered the evidence in the record, therefore, as though it contained the missing exhibits. On such consideration, however, we see no reason to disturb the decree of the chancellor in the Circuit Court.

The first point made by appellant against the decree is, that there was no contract proven which could, under the statute, be made the basis of a mechanic's lien. He says that no sufficient time limit for the completion of the work and for the final payment appears in the contract proven. The statute regulating this matter is this: "If the work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of this Act unless the work shall be done or materials furnished within one year from the date of the contract and final payment therefor is to be made within such time." Section 6 of An Act to revise the law in relation to Mechanics' Liens, approved June 26, 1895. The Supreme Court and this Court has held that this section of the statute means that a time for the completion of the work and a final payment therefor within the year must be fixed and settled on in the contract to entitle the contractor to a lien; that it is not sufficient that as a matter of fact the work was done or the materials furnished within the year. They have also decided that it would not be implied that a "reasonable" time was provided for in a contract where no time was mentioned, so as to bring such contract within the provision of the statute. Whatever the job might be, however slight, if the contract is made without any stipulation as to time of completion or payment, it cannot be the ground for a lien. The Supreme Court has also decided that in a building contract, provisions that the contractor should have the walls ready for roof joists in thirty days from date, and the balance of the work completed "as soon as practicable thereafter," and that final payment should be within thirty days of such completion, do not make the contract such a one as the statute requires. Cases to these various propositions are cited by counsel for appellant in his argument. They do

not cover the case at bar. In this case there was evidence, believed by the master and the court, tending to show a stipulation in the contract made, plainly providing both for the completion of the work and for the final payment within a year. That evidence is, that before the appellant ordered the repairs made, he demanded particularly to know how long it would take to make them; that appellee replied "it will, perhaps, take about a week or ten days at the outside to get the rods made, and afterward it will take us about two weeks." Appellee then said, in effect, "It has to be done,—do it. Send me the bill when you are through and I will send a check." We think this is a contract to do the work and furnish the materials on one side, and to make a final payment on the other, within a year, which is what the statute demands. It is true that the word "about" was used, but "about" means "nearly," "approximately," "in close correspondence to," "in the immediate neighborhood of," and "*determines*," as the lexicons say, "approximately size, quantity or time." We think it clear that if the repairs had not been completed within a short time at least of the twenty-four days made by adding the two weeks and the ten days together, the appellant could have treated the contract as broken. It certainly cannot be contended that he could not have so treated it, had the repairs extended to anything like a year. It is urged by appellee that the time of twenty-four days was fixed by this contract as a maximum for completion and payment.

It is apparent that the contract under this evidence was for immediate payment when the repairs were done. Whether or not the time of completion and payment was by this conversation and contract limited to the precise date indicated, December 7, 1902, or before, may be doubtful. Perhaps to complete a day or two later would have been a compliance with the contract; but however that may be, we agree with the master in holding that the contract between the complainant and the defendant "was substantially in compliance with the statute of the State of

Illinois relating to mechanic's liens," and with the chancellor in holding the appellee entitled to such a lien.

The appellant further claims that even if entitled to a lien, the appellee is not entitled to a decree or a lien for the amount awarded him; that he made a specific contract for $100; or, if this is not to be considered as proven, that the preponderance of the evidence shows clearly that the work and material furnished were not reasonably worth the amount found due. We have examined the evidence as shown in the abstract, and we do not agree with this conclusion. It would be useless to discuss the evidence in detail. There is a conflict in it, but the preponderance seems to us on the side of the appellee. It is clearly not on the other side to an extent which would justify us in ignoring the conclusions of the master and the decree of the chancellor.

The decree will be affirmed.

*Affirmed.*