# CASES

DETERMINED IN THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1926.

---

## Gust Nostwick et al., Plaintiffs in Error, v. Henry P. Kranz et al., Defendants in Error.

### Gen. No. 29,471.

1. FORECLOSURE OF MORTGAGES—*amendment of bill to foreclose by joining additional defendant.* A bill of foreclosure may be amended so as to join as an additional defendant one claiming an interest in the premises, although such defendant's alleged right did not accrue until after the filing of the bill.

2. FORECLOSURE OF MORTGAGES—*right of one joined as defendant by amendment of bill to foreclose to prove claim as junior incumbrancer under allegations of his answer.* One claiming an interest as junior incumbrancer of premises against which foreclosure proceedings are pending, upon being made a party to such proceedings by amendment of the bill and upon setting up his claim by answer is entitled to prove his claim as alleged and thereupon have satisfaction out of any surplus above the senior incumbrances.

3. FORECLOSURE OF MORTGAGES—*right of defendants defaulted for want of answer to rule to plead to amended bill joining additional defendant before hearing on issues raised by added defendant's answer.* The fact that, following entry of an order *pro confesso* for want of answer in foreclosure proceedings, the bill was amended so as to join an additional party defendant who made answer, thereby entitling the defaulting defendants to have their default

1

set aside and to answer, did not preclude the court from proceeding with a hearing upon the issues raised by the answer of the additional defendant without ruling the other defendants to plead to the amended bill.

4. EQUITY—*right of defendants against whom order pro confesso entered for want of answer to have default set aside and leave to plead after bill amended to join additional defendant.* Where following entry of an order *pro confesso* for want of answer, the bill is amended so as to join an additional party defendant, the defaulted parties are entitled to have the default set aside and to plead or demur to the amended bill.

5. LIENS—*when equitable lien not created by payment of earnest money.* The fact that owners of realty permitted a stranger to the title to enter into a contract in his own name to sell such property to a third party does not give such intending purchaser a lien against the property for the earnest money paid upon the contract.

Error by plaintiffs to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Affirmed in part, reversed in part, with directions for modification of the decree. Opinion filed March 16, 1926.

LANDFIELD & LEVIN, for plaintiffs in error; I. ARCHER LEVIN, of counsel.

O'SHAUGHNESSY & O'SHAUGHNESSY, for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This writ of error questions the propriety of a decree in a foreclosure suit so far as it gives Robert M. Barsness, one of the defendants in error, liens on the premises in question and permits him to share in the distribution of the surplus. No question arises as to the rights of other defendants in error under the decree whose claims were given priority over the alleged liens of said Barsness.

The claim to said liens arises under a lease and under a contract of sale of the premises in question by

plaintiff in error Julius Freed to said Barsness. The other plaintiffs in error, Gust Nostwick and Lina Nostwick, were the owners of the equity of redemption, but, according to the evidence and findings of the decree, permitted said Freed to deal with the premises as owner thereof. The record does not show that he had any title or legal claim to the premises. He first entered into contract to sell the same to Barsness, on which Barsness paid $500 as earnest money. This contract was abandoned by mutual consent, and a lease was executed by Freed to Barsness for the premises under which Barsness took possession. There was prima facie evidence to support the findings of the decree that after Barsness took possession under the lease said Freed, with the approval of said Nostwicks, authorized Barsness to make improvements and repairs on the premises under the promise of Freed that he would pay for the same, at a cost of $1,049.70. Plaintiffs in error having refused to pay the same he filed a mechanic's lien therefor. The decree found that the mechanic's lien was a valid lien on the premises and gave Barsness a lien for the $500 with interest, amounting to $508.46, subject to the liens of defendants in error, for which certificates of indebtedness were authorized to be issued.

After personal service of summons was had on plaintiffs in error they were defaulted, and an order *pro confesso* for want of an answer to the bill was entered against each of them. Afterwards the bill was amended by making Barsness an additional party defendant as one having some claim or interest in and to the premises. Barsness filed his answer setting up said mechanic's lien and his claim of right to the return of said $500, with interest, basing said claims on said contract and lease and the agreement for said improvements, all with the acquiescence and approval of said Nostwicks.

It is first urged that it was improper to allow said amendment as the alleged rights of Barsness accrued after the filing of the bill, and that in such a case he should have been brought into the suit by a supplemental bill and not by amendment. The amendment merely made him an additional defendant. It alleged no new state of facts on which complainants sought relief. If Barsness had any right to participate in the surplus it was proper to make him a party defendant regardless of when his claim accrued.

It is next urged that he was not entitled to affirmative relief on his answer but should have filed a cross-bill. The theory of his answer was that he was a junior incumbrancer and having been made a party to the foreclosure suit was entitled to prove his claim as such and have satisfaction thereof out of any surplus above the superior incumbrances. This he could do without a cross-bill. (*Wallen v. Moore,* 187 Ill. 190; *Soles v. Sheppard,* 99 Ill. 616; *Blatchford v. Blanchard,* 160 Ill. 115.) In the last cited case it was held that a claim to a mechanic's lien could be asserted and relief had as prayed for in an answer to a bill of foreclosure without the necessity of filing a cross-bill.

It is next urged that the amendment to the bill operated to vacate the default and decree *pro confesso* previously entered against plaintiffs in error, and that it was error to proceed to a hearing on the issues raised by Barsness' answer without a rule on them to plead answer or demur to the amended bill. That such is the effect of an amendment on a previous default has been frequently held. (*Gibson v. Rees,* 50 Ill. 383; *Lyndon v. Lyndon,* 69 Ill. 43; *South Chicago Brewing Co. v. Taylor,* 205 Ill. 132; *Ruppe v. Glos,* 251 Ill. 80.) But in the last case cited, while the court recognized such to be the rule, it said:

"By the service of summons he was brought into court, where it was his duty to be and appear until the

case was disposed of, and he was entitled to no further notice or service of notice under the practice in this State. (*Niehoff v. People*, 171 Ill. 243.)''

Under the authority of the *Ruppe* and *Niehoff* cases plaintiffs in error are in no position to complain. They were bound to take notice of the amendment, and had they so wished could have had the default vacated and have met the issues raised by Barsness' answer.

But while Barsness was a junior incumbrancer with respect to his mechanic's lien and under the authorities above cited entitled to have the incumbrance satisfied out of the surplus without a cross-bill, his claim to have the $508.40 paid out of the surplus does not rest on the theory of an incumbrance but on that of an equitable lien. If it were such, no relief could have been had thereon without a cross-bill to establish it. (*White v. White*, 103 Ill. 438; *Skahen v. Irving*, 206 Ill. 597.) It was not in the nature of a junior incumbrance, which under the practice may be paid out of the surplus on a foreclosure sale without a cross-bill. The claim was allowed on the ground that the Nostwicks acquiesced in or approved of Freed's contract to sell the land. The statute gives a lien on land for improvements which the owner has knowingly permitted another to contract for. But neither by statute nor the common law is a lien on land created by the mere fact that the owner stands by and permits another to enter into a written contract in his own name to sell it. Whatever obligation existed, if any, on the part of Freed or the Nostwicks to return the money paid on the contract it did not constitute a lien on the land or give any right to Barsness to be paid from the proceeds of the sale on foreclosure.

Accordingly the decree will be affirmed except so far as it authorizes the payment of $508.40 out of the surplus, and will be reversed and the cause remanded

for modification of the decree consistent with this opinion, at the cost of Barsness.

*Affirmed in part and reversed in part with directions for modification of the decree.*

GRIDLEY and FITCH, JJ., concur.