KINGMAN & CO.

*v.*

GEORGE G. MOWRY *et al.*

*Opinion filed October 13, 1899—Rehearing denied December 6, 1899.*

1. PLEADING—*averments of answer not challenged by replication are admitted.* In a cause submitted to the court for decision upon bill and answer, the averments of the answer must be accepted as true when not challenged by replication.

2. FRAUD—*conveyance may be fraudulent in law, regardless of debtor's motives.* A conveyance of property by a debtor in good faith and without intent to defraud is fraudulent in law, without regard to the motives which prompted it, when its legal effect is to work a fraud on the rights of a creditor. .

3. SAME—*when transfer of property to corporation formed by debtor is not fraudulent.* The formation of a corporation by a debtor who transfers all his property to it in good faith, after notice to his creditors and with the approval of most of them, as being the most desirable method of conserving the interests of all, is not fraudulent, either in fact or law, where the debtor retains the open ownership of the stock interest based upon the value of the property.

4. SAME—*change in form of property by debtor is not fraudulent in law.* A mere change of property by a debtor into a stock interest in a corporation, to which the property is conveyed, is not fraudulent in law on the ground that it compels a creditor to levy upon and sell the stock interest instead of the property, upon which the creditor had no lien.

5. SAME—*a debtor may pledge stock of corporation formed by him, to secure money to pay debts.* The act of a debtor who pledges the stock of a corporation formed by him, and to which he transferred all his property, is not fraudulent, where the assignment was made as security for money loaned to him wherewith to discharge his *bona fide* indebtedness.

*Mowry* v. *Kingman & Co.* 81 Ill. App. 462, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding.

The appellant company held two judgments against the appellee George G. Mowry, on which executions had been returned *nulla bona.* This was a creditor's bill by

the appellant company to set aside certain transactions alleged to have been consummated in fraud of its rights, as the owner of those judgments. The allegations of the bill, in substance, were, that the judgment debtor, for the purpose of hindering and delaying his creditors, had transferred all of his property to the George G. Mowry Implement Company, a corporation which he had caused to be formed for that purpose. The prayer of the bill was, the property so conveyed to the corporation should be decreed to be subject to the lien of appellant's judgments. Appellees Ainsworth and Edward A. and William Mowry were made parties to the bill on the alleged ground they had fraudulently colluded with the debtor in the formation of the corporation and the transfer of the debtor's property, and claimed some interest therein.

The joint answer of the defendants admitted the allegations of the bill as to the judgments, and alleged that prior to the rendition thereof the judgment debtor was seriously embarrassed financially and unable to pay his indebtedness, and that he called a meeting of his creditors on the 24th day of November, 1896, of which meeting he gave each creditor, including the appellant, written notice; that at said meeting nearly all of the creditors, including the appellant, were represented; that all of the property of the debtor, and his indebtedness, was fully and truthfully made known to the said creditors at said meeting and the same was verified by a representative of one of the largest creditors; that the debtor offered to assign and deliver all of his property, of every nature and kind, for the benefit of his creditors, without any preferences whatever, or that he would deliver to them his notes, with appellee Ainsworth as surety, for the sum of thirty-five per cent of the face value of their claims, and that Ainsworth would cash said notes at ninety-five cents on the dollar, if the creditors, or any of them, preferred; that Ainsworth was present, and stated to the creditors that his proposition was based upon the un-

182—17

derstanding the property of the debtor should be trans-
ferred to a corporation to be formed for that purpose,
and the stock of the corporation should be assigned to
him as security for the obligations assumed and any out-
lays made by him thereunder; that the representatives
of the creditors then present, including the representa-
tive of the appellant company, were of opinion it was
better for the interest of the creditors the proposition to
pay thirty-five cents on the dollar should be accepted,
and that manner of settlement was accepted by all present
except the representative of the appellant, who declined
on the ground he was not authorized to accept it, but
agreed to recommend the acceptance of the proposition
to his principals, the principals, however, declining to
accept either proposition; that the debtor, in deference
to the views of by far the greater number of his creditors,
and in the belief that his creditors would be finally sat-
isfied, proceeded to complete the formation of a corpo-
ration with a capital stock of $15,000, divided into one
hundred and fifty shares; that all of the personal assets
of the debtor were transferred to the corporation in full
payment of the capital stock; that ten shares of the stock
were delivered to Edward A. Mowry in satisfaction of an
indebtedness *bona fide* due him, and five shares to William
A. Mowry, and the remainder of the shares, one hundred
and thirty-five in number, were issued to the debtor, and
that all of the shares were assigned and delivered to the
appellee Ainsworth as security for his undertaking, as
aforesaid; that all of the creditors except the appellant,
and two or three others who held small claims, accepted
the Ainsworth proposition, and that Ainsworth has paid
to the creditors of the judgment debtor about the sum of
$6000 in full discharge of their claims and is ready and
willing to settle with all others upon the same terms,
but that the appellant company demands fifty per cent
of its claim, which Ainsworth is not willing to pay and
which the debtor, though anxious to do so, is unable

to pay.   The answer also disclosed that the real estate
of the debtor was of no value above the encumbrances
thereon and the homestead right of the debtor, and that
the debtor had executed a mortgage thereon to Ains-
worth as additional security, and had also transferred to
Ainsworth a policy of life insurance of the cash value of
about $400, as further additional security.   The answer
further averred that all the acts of the defendants were
taken and had in good faith, as being for the best inter-
est of all his creditors, and without intent of hindering
or delaying any of them in the collection of their claims.

Replication was not filed, but the cause was submitted
to the court to be determined upon the bill and answer,
without proofs.   The circuit court decreed the transfer
of the property to the corporation was in fraud of the
rights of the appellant company, and that the property
so transferred was subject to the lien of the executions
issued on the judgments held by the appellant company,
but that the appellee Ainsworth was equitably entitled
to a superior lien on such property to secure him for out-
lays made in obtaining satisfaction of the claims of the
judgment debtor.   On an appeal prosecuted by the ap-
pellant company the Appellate Court for the Second Dis-
trict reversed the decree of the circuit court and refused
to remand the cause.   The case is before us on the fur-
ther appeal of the appellant company.

ARTHUR KEITHLEY, for appellant:

It is actual fraud for a failing debtor to form a corpo-
ration and convey to it all of his property and continue
business in the name of the corporation. *Bank* v. *Trebein*,
52 N. E. Rep. 834; *Bennett* v. *Minott*, 28 Ore. 339; *Kellogg* v.
*Bank*, 58 Kan. 43; *Terhune* v. *Bank*, 45 N. J. Eq. 344; *Web.
Co.* v. *Dienelt*, 133 Pa. St. 585; *Hibernia Co.* v. *Transportation
Co.* 13 Fed. Rep. 516; *Chatterton* v. *Mason*, 37 Atl. Rep. 960.

Any device by a debtor in failing circumstances to
dispose of his property for the benefit of his creditors,

otherwise than by a general assignment, is void. *Nesbitt* v. *Digby*, 13 Ill. 388; *Phelps* v. *Curts*, 80 id. 109; *Milligan* v. *O'Connor*, 19 Ill. App. 487; *Gardner* v. *Bank*, 95 Ill. 298.

A transaction may be fraudulent in law although the parties executing it did so with honest intentions. *Phelps* v. *Curts*, 80 Ill. 109; *Moore* v. *Wood*, 100 id. 455; *Davidson* v. *Burke*, 143 id. 146.

A creditor cannot purchase of his failing debtor any more goods than sufficient to satisfy his own claim, although he pays full cash value for the excess. *Oakford* v. *Dunlap*, 63 Ill. App. 499; *Beaver* v. *Danville Shirt Co.* 69 id. 321; *Hanchett* v. *Goetz*, 25 id. 445.

A deed fraudulent in fact is void as against creditors, and is not permitted to stand for any purpose of reimbursement or indemnity. *Beidler* v. *Crane*, 135 Ill. 92.

DUNHAM & FOSTER, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The truth of the averments of the answer was not challenged by replication, but the cause was submitted to the court for decision upon bill and answer. The answer was, therefore, to be accepted as true. *Pankey* v. *Raum*, 51 Ill. 88; *Fordyce* v. *Shriver*, 115 id. 530; *County of Cook* v. *Great Western Railroad Co.* 119 id. 218:

It appears indisputably from the facts set forth in or by the answer, the transaction here sought to be invalidated was entered into and executed in actual good faith and without any desire to defraud creditors. If, however, its legal effect was to work a fraud on the rights of the appellant as a creditor, it will be deemed fraudulent as an inference of law, without regard to the motives which prompted it. *Lawson* v. *Funk*, 108 Ill. 502.

The contention of appellant is, the transfer by a debtor of his property to a corporation necessarily hinders and delays the creditor in the collection of his debts, and is in all instances a fraud, in legal contemplation. Adjudged

cases are cited as in support of this position. We have examined these cases, and while such transactions were condemned in the instances then under consideration, we do not understand it is to be deduced from them that it is a fixed rule of law that the formation of a corporation by the debtor, and the conveyance of all his property to the corporation, though made in actual good faith, is conclusively presumed to be fraudulent as a matter of law. One of such cases (*Bennett* v. *Minott*, 28 Ore. 339,) held, to quote from the opinion: "When a debtor, for the purpose of hindering and delaying creditors, organizes a corporation and transfers to it all his assets, he himself being the owner of practically all the corporate stock, and continuing the business the same after as before the incorporation, using the proceeds for his own benefit, equity will set aside such transfer at the instance of creditors, notwithstanding the incorporation is valid, and the corporate stock subscribed by the debtor is subject to sale under execution." And in another (*Kellogg* v. *Bank*, 58 Kan. 43,) it was said: "A fraud may be perpetrated by an insolvent merchant through the instrumentality of a corporation organized and controlled by himself, to which he transfers the bulk of his property, as well as by a transfer to an individual; and where it appears that this has been done for the purpose of hindering and delaying creditors, and enabling the debtor to retain the management and control of his property and of depriving his creditors of an opportunity to collect their dues, and when such insolvent retains substantially all the stock in the corporation and no innocent person contributes any substantial sum to its assets, the court, in sustaining attachments levied on the property and directing the sale thereof to satisfy the claims of creditors, is warranted in treating the whole transaction as a sham."

Expressions of the court in *First Nat. Bank* v. *Trebein*, (Ohio,) 52 N. E. Rep. 834, (the case most relied on,) give some support to the view entertained by counsel for ap-

pellant, but in that case it was said: "The formation of the corporation in no way facilitated the transaction of his (the debtor's) milling business and that connected with it. Nothing was added to his capital, unless we regard the few hundred dollars that may have been paid for the four shares of stock taken by the other members of his family such an addition. Evidently an addition to capital was not the controlling object. * * * The only purpose the creation of the corporation and the conveyance to it subserved was to hinder creditors in levying upon the property and selling it on execution at law; and it is this hinderance the law will not permit, and, when ascertained in a proper proceeding, requires the conveyance to be set aside and the property administered for the benefit of all the creditors of the fraudulent grantors. * * * We are clearly satisfied that the conveyance by Trebein of his property to the corporation was made to hinder and delay creditors, and should have been so declared by the court."

It is believed that in each of the cases relied upon some circumstance of fraudulent intent, as the reservation of a trust in favor of the debtor, the design to create and administer the corporation for the mere purpose of enabling the debtor to conduct his business under the guise of a corporation and escape, even temporarily, his creditors, or some improper disposition or manipulation of the stock interest of the debtor to the injury of his creditors, or other like consideration, determined the action of the court. Certainly, if such a conveyance be made with the consent and approval of all of the creditors it would be valid. If, as here, entered into after notice to all the creditors and with the consent and approval of the greater number of them, as being the most desirable method of conserving the interests of all without any purpose or design of defrauding any creditor, and the debtor retains the open ownership of a stock interest based upon the value of the property conveyed, and

equally open, as was such property, to seizure and sale on execution against the debtor as was the transferred property, the transaction cannot be deemed fraudulent, either in fact or as a matter of law.

It is urged the transaction is fraudulent in law, for the reason, if effectual, it prevents appellant, as a creditor, from seizing the property which the debtor owned and conveyed to the corporation, and forces the appellant to levy upon and sell the stock interests of the debtor instead. The appellant had no lien upon the property, nor any right to demand the debtor should refrain from making any disposition of the same which his judgment and discretion, fairly and justly exercised, would dictate as proper and advisable in view of the rights and interests of his creditors and the situation and circumstances of his estate, provided the result of such action on the part of the debtor should leave the proceeds of the transaction still subject to the process provided by law for the collection of judgments. The law has no universal rule that a mere change of the property into a stock interest in a corporation must be denounced a fraud in legal contemplation though it may be clearly seen it is not so in fact. The operations of a debtor in dealing with his property may so change its character as to make it more inconvenient to levy upon and sell the same under execution without subjecting the debtor, as matter of law or fact, to the charge he has fraudulently hindered and delayed his creditors in the collection of their debts. Pledging the stock to Ainsworth to secure the money advanced by the latter was not a fraudulent act. The debtor had the right to borrow money wherewith to discharge his *bona fide* indebtedness and to secure the party loaning the money by the assignment of his shares of stock.

The judgment of the Appellate Court is correct and is affirmed. *Judgment affirmed.*